## BOGGS v. BOGGS.

1. **Divorce: CUSTODY OF CHILDREN: ALIMONY.** A divorce having been granted, and the custody of three of the children awarded to the husband, and it having appeared that he was subsequently guilty of cruelly treating the children, it was *held*, upon an application of the wife for the custody of the children and alimony for their maintenance, that the application should be granted, and alimony awarded.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, OCTOBER 9.

THE plaintiff was formerly the wife of the defendant. In

Boggs v. Boggs.

an action brought by her for divorce and alimony a decree of divorce was granted, and alimony was allowed to the amount of three thousand dollars, and the plaintiff was given the custody of their two youngest children. She brings this action to obtain the custody of the three oldest children, and to obtain a modification of the decree as to alimony. The case was referred, and report made that the custody of the three oldest children should be given to the plaintiff, as prayed, and that the defendant should be decreed to pay her the sum of two dollars and fifty cents per week for each child, until it should become sixteen years of age. A decree was entered in accordance with the report. The defendant appeals.

*Likes & Smith* and *John Chaney*, for appellant.

*Stuart Brothers*, for appellee.

ADAMS, J.—It is claimed by the defendant that the question as to the custody of the children was determined in the original action, and cannot now be opened except by reason of facts occurring subsequent to the decree in such action. Without stopping to determine whether this is so, we have to say that we are of the opinion that the evidence as to what has occurred since the decree shows that the defendant cannot be safely trusted with the children. The ages of the children in the custody of the defendant were, at the time this action was brought, as follows: Two girls were twelve and ten years old, respectively, and a boy eight years old. It is shown that these children, with some assistance from the father, did the housework; and there is evidence tending to show that they were overworked. But we do not attach so much importance to this evidence as we do to evidence which shows that the defendant is addicted to fits of passion in which he is liable to lose his self-control. No good purpose would be served by quoting much of the testimony upon this point. Nothing worse is shown

1. DIVORCE: custody of children: alimony.

than by the testimony of the defendant himself. He was asked:

"What has been your treatment of these children since your wife went away? Have you been beating them around? Ans.——It appears like it, the way people talk about it. I have whipped the little fellows pretty sharply once or twice, I guess, but I do not believe that I have come as near killing them as some have made out that I have. I aim to raise my children to mind what I tell them. When I whip I whip so as to make them understand what I say, and to make them do what I want them to do. The children and I were in the garden one day. I was hoeing and they pulling weeds. They were pulling something that I told them not to pull. I had told them two or three times what to do. They did not pay much attention, and I bumped the little girl with the hoe handle. I struck her harder than I intended to; I bumped her so it cut her head. It bled, I guess, a spoonful or two. I struck her on the side of the head. She had a sun-bonnet on. I bumped her hard enough to cut a hole through her sun-bonnet and cut her head."

He confesses, also, to bad treatment of the other children and details some incidents, but he shows no other treatment as bad as the striking of the little girl upon the head with a hoe. This, in our opinion, is sufficient to show that the defendant is an unsuitable person to be intrusted with the government of children.

As to what it is worth to board and clothe the children until they become sixteen years of age we have to say that the evidence satisfies us that the amount allowed is not too great. The very witness upon whose testimony the defendant relies in this respect says that it is worth that amount, provided their labor is worth nothing. But it is not shown that the mother can provide remunerative employment. It is shown that she is without a home. With five children to maintain, of such tender years, it seems probable that she will be obliged to establish a home. At all events, we think that

the good of the children requires that it should be done, and that the amount allowed is not too great.

But because the plaintiff has no home it is urged by the defendant that the children should not have been given to her. The decision changing the custody is controlled by the consideration which we have before set forth. Besides, it may be said that the defendant is shown to be abundantly able to provide his children a home without the assistance of their earnings. If the defendant's conduct has necessitated a change in their custody which involves larger expenses, the good of the children must not be sacrificed to the pecuniary consideration.

AFFIRMED.