SHERWOOD v. SHERWOOD.

1. **Parent and Child**: CUSTODY OF CHILD: DIVORCE.   A modification of a decree of divorce, changing the custody of the child of the parties from the mother to the father considered and approved.

*Appeal from Poweshiek District Court.*

TUESDAY, OCTOBER 18.

THIS action was brought originally for the purpose of obtaining a divorce, the alleged ground of divorce being that the defendant had been guilty of adultery.   A decree was granted as prayed, and the custody of the only child of the parties, Myo D. Sherwood, a boy about six or seven years of age, was awarded to the plaintiff.   About two years afterward the defendant filed a petition asking for a change of the decree in regard to the custody of the child, setting up among other things as ground for the application that the plaintiff had failed to exercise proper restraint over the child; that she had allowed him to stay out late at night; that she has evinced a lack of self-control, being sometimes too indulgent, and sometimes treating the child with undue severity; and that under her discipline the child was becoming a bad boy. He also averred that the plaintiff had been laboring to estrange the child from him.

The plantiff in her answer denied the allegations of the petition.   Upon the hearing the prayer of the petition was

granted and the decree changed, and the custody of the child was awarded to the defendant. The plaintiff appeals.

*Cole & Cole*, for appellant.

*Brown & Binford*, for appellee.

Adams, Ch. J.—This case might perhaps be disposed of in favor of the appellee upon purely technical considerations.

1. PARENT and child : custody of child : divorce.
But having examined the entire case, and being agreed in our conclusions, we have to say that it is more satisfactory to us, and we doubt not it will be to both parties, to dispose of the case upon its merits.

The parties reside in the city of Marshalltown, and appear to occupy positions of considerable prominence. The defendant is a physician in successful practice, having an income of from $2,500 to $3,000 a year, and is regarded by his neighbors as a man of integrity. The plaintiff is the owner of a respectable house in which she resides, and where she supports herself by giving music lessons, and occasionally taking one or more boarders.

The child while residing with his mother has been in the habit of visiting his father daily, or nearly so, the respective residences of his father and mother being only about one block apart. The child has kept a trunk at his father's house and a part of his clothing in it, and has gone there frequently to dress and bathe. The father has always manifested a very commendable interest in the child's welfare; has bought clothing for him; has attended him in sickness and prescribed for him, and when the child fell behind in one of his studies in school his father furnished him a special teacher in that study. The evidence shows very clearly, we think, that the father is a suitable person to have the custody of the child.

The evidence tending to show the mother's unsuitableness is not of so marked a character. We are all agreed, however, upon a separate reading of the evidence, that according to the

Sherwood v. Sherwood.

preponderance of it, she has failed to exercise the restraint which the best interests of the child required; and what is more, as it seems to us, she has been greatly imprudent in her conversation with him, and with others in his presence, in regard to the grounds upon which she obtained the divorce, and in regard to what she claims has been the criminal conduct and disposition of the father since the divorce was obtained. We think that the allegation is fully proven that she has labored to estrange the child from his father.

Now while the question before us is far less in regard to the rights of the father than the good of the child, we can but regard the repeated accusations of criminal conduct and disposition on the part of the father, made by the mother to and in the presence of the child, as not alone derogatory to the father's rights, but as tending directly to exert a deleterious influence upon the child. He was bound to his father by ties of natural affection, and the evidence shows that that affection had been kept alive. It also shows, we think, that the father's influence upon the child was positive and salutary. Nothing was to be gained so far as we can see by destroying the child's affection and respect for him.

We ought perhaps in this connection to say that the child upon being examined as a witness testified that his father told him once in a while that his mother was a bad woman and not fit to raise him. But this general accusation, although by no means to be approved, was of less consequence than the specific accusations which it appears were made by the plaintiff. Besides, the testimony of the child may, we think, be somewhat distrusted, or taken with allowance. The child, as he testified, preferred to live with his mother, the reason given by him being that he should have more freedom with her.

We hesitate less in holding that the decree should be affirmed because of the guarded and prudent provisions which it contains. The child is not to be taken out of Marshall county without the plaintiff's consent, except upon a pleasure

trip with the father. The plaintiff is to be allowed to visit him at all reasonable times. In case of his sickness she is to be notified promptly and allowed to attend him. He is to be allowed to visit his mother, and be with her, and give her his earnings if he sees fit; and she is not to be deprived of his society, comfort or assistance except so far as it is absolutely necessary to enable the father to control and direct his education, habits and vocation in life.

The decree meets with our approval, and in view of all the circumstances of the case we think that it should meet with the plaintiff's approval also. At all events it must be.

AFFIRMED.