MADELINE LEORA BARNETT, Appellee, v. I. S. BLAKLEY et al.,
Appellants.

**DIVORCE:** Custody of Child—Foreign Decree—Res Judicata. A foreign
decree of divorce fixing the custody of a child is not *res judicata* of
the rights of a third party in this state to such custody. In any
event, such third party may show that, by statute in such foreign
state, the custodial decree is not conclusive and unalterable; or he
may rest on the presumption that the foreign statute is the same as
in this state, relative to such decree's being non *res judicata* as to
subsequent changed conditions.

Headnote 1: 29 C. J. p. 367; 29 C. J. p. 114.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JUNE 21, 1926.

Proceedings in habeas corpus for the custody of a minor
child. The court granted the order as prayed, and the defend-
ants appeal.—*Reversed.*

*M. E. Van Laningham* and *Theo. P. Eslick,* for appellants.

*G. Scott Davies* and *A. A. Rice,* for appellee.

FAVILLE, J.—I. Appellee's parents were married in Des Moines on January 22, 1920. They lived in said city about three months, and then moved to Chicago. Appellee was born September 6, 1921. In June, 1923, the wife left her husband, without warning, and returned to Des Moines. Within a few days she married another man. She brought appellee with her to Des Moines, and, as we gather from the record, went to the home of appellants, who are her parents.

On August 16, 1923, one Rosebrook filed a petition in the juvenile division of the district court of Polk County, alleging that appellee was a dependent, neglected, and delinquent child. Thereupon, appellee's mother signed and filed in said proceeding a written instrument, wherein she waived notice and summons, and consented to a hearing on said matter. The father was present at the time set for hearing. The court entered of record an order that the case stand continued. The record shows that, at said time, the judge of said juvenile court orally directed that the said child should be placed in the temporary custody of appellants. No formal order to that effect was entered. Thereupon, appellants took possession and custody of said child. In November, 1923, the paternal grandmother of said child filed a written application in said juvenile court, asking to be granted the temporary custody of said child for a period of two weeks. Said application contained a promise to return the said child to the custody of the juvenile court at the expiration of said time. An order was thereupon entered in the juvenile court, on the 13th day of November, 1923, giving the temporary custody of said child to the said paternal grandmother (Mrs. Barnett), to be returned to the court on November 27, 1923. It appears that the child was kept, under this order, for the period of two weeks, and promptly returned to the custody of appellants. It appears also that, on September 27, 1924, said child was again placed temporarily in the custody of Mrs. Barnett, the paternal grandmother, for a period of two weeks. No formal application was then made, and no order entered giving Mrs. Barnett the temporary custody of said child. Mrs. Barnett lives at Oskaloosa,

Iowa, and the father of appellee took appellee from Oskaloosa to Chicago, shortly after the grandmother had so taken possession of her in September, 1924.

If we revert in the order of events, it appears that, in November, 1923, appellee's father commenced an action for divorce against his wife, in the city of Chicago. Service was by publication and mailing. The wife did not appear in said action, and was not within the state of Illinois. A decree upon default was entered in the divorce action on November 29, 1924, and by the terms of said decree the husband was granted a divorce, and the custody of appellee was awarded to him. The child was placed in the charge of a party selected by the father, in Chicago, and later, without the knowledge or consent of the father, the child was taken forcibly by her mother from the party in whose charge it had been so placed, and was returned to Des Moines and placed in the custody of appellants. About eleven months later, this action was commenced. In this proceeding, appellants filed an answer, wherein they alleged that appellee is a ward of the juvenile court of Polk County; that fraud was committed on the courts of Illinois, wherein the father obtained custody; and that, at the present time, an action to set aside the decree granting the father custody of said child was pending in the Illinois court; and that said decree is not final, but is subject to change.

The court adjudged that appellants were illegally depriving appellee of her liberty, and that her father was her lawful custodian and guardian, and directed that appellee should be delivered to him.

Appellee's case is based upon the decree of the Illinois court, awarding the custody of appellee to her father. A duly exemplified copy of the decree of the court of Illinois was offered in evidence. The decree recites the following:

"The court further finds that one child, Madeline, aged three years and two months old, was born of the marriage between said complainant and defendant; that said child is now in Chicago, Cook County, Illinois, in the custody of said complainant. It is therefore further ordered, adjudged, and decreed that said complainant, Carroll V. Barnett, be and is hereby awarded the care, custody, and supervision of the education of the said child, Madeline Barnett."

Appellants offered the statutes of the state of Illinois for the

purpose of showing that the said decree was not a final decree, but was subject to being vacated within three years. Such evidence was excluded. The question as to the effect of the decree came up in several forms. The court ruled as follows:

"This court is not going into a determination of the question of proper guardianship at all. That is not involved in this case, as I understand it; but the legal right of the custody of the child."

The court also said:

"The decree stands for itself. * * * This Illinois court had jurisdiction to determine the rights of these parties,—the custody of this child,—determine the custody of this child,—and the Iowa court is not going to fix some other custody."

The court also ruled:

"This doesn't involve the question of whether the guardianship was proper or improper. It is a question of who is entitled to the custody of this child."

Also:

"I don't believe I will go into the question, except the one involved here. I am interested in one proposition,—that is, Who is the legal custodian of this child?"

The decree recites:

"That the decree of the circuit court of Cook County, Illinois, granting Carroll V. Barnett an absolute divorce from Ruby Barnett, is entitled to the full faith and credit of this court, and this court is bound to give it such full recognition; and that the defendants herein have illegally restrained the plaintiff, Madeline Leora Barnett, of her liberty, as alleged in the petition for habeas corpus, and unlawfully withheld the custody of said plaintiff from her lawful custodian and guardian, Carroll V. Barnett."

This action is brought in the name of the child, by its father, as its next friend, against appellants, who have possession of the child. The mother of the child, who was, nominally at least, a party to the divorce action in Illinois, is not a party to this action in habeas corpus. She makes no claim to the custody of the child. The award of the custody of the child, as between the father and the mother, under the decree of the court of Illinois, is not res adjudicata as to appellants in this action. They were in no way parties to it, nor are they bound by it. See Matter of

*DeSaulles,* 101 Misc. Rep. 447 (167 N. Y. Supp. 445, 452). The decree of divorce in the Illinois court was, however, properly admissible in evidence. It had a bearing, and a very proper one, upon the ultimate question to be determined in this proceeding in habeas corpus. But this decree does not adjudicate the rights of these appellants, if rights they have, as to the present custody of the child, and appellants have a right to show, if they can, that said decree was void for want of jurisdiction, or was not final. The statutes of the state of Illinois governing the decree in the divorce action, when properly proven, were admissible in evidence. In actions of this character, the function of the writ of habeas corpus has been modified and enlarged from its original scope as a prerogative writ. The courts generally have departed from the original purpose of the writ, which was to determine whether or not the petitioner was being illegally imprisoned. As now used and recognized, in cases involving the custody of children, the writ of habeas corpus operates to invoke the broad powers of the court of an equitable nature, to determine the question of custody of a minor child according as the welfare and best interests of the child may require, having due regard to the legal rights of parents or others. *Flynn v. Casper,* 26 Colo. App. 344 (144 Pac. 1137) ; *People ex rel. Riesner v. New York Nursery & Child's Hosp.,* 230 N. Y. 119; *In the matter of Badger,* 286 Mo. 139 (226 S. W. 936) ; *Lamar v. Harris,* 117 Ga. 993; *State ex rel. Jones v. West,* 139 Tenn. 522; *State ex rel. Evangelical L. K. Soc. v. White,* 123 Minn. 508; *McDonald v. Short,* 190 Ind. 338 (130 N. E. 536) ; *In the Matter of Heather Children,* 50 Mich. 261.

Therefore, in this case, there was more to be determined by the court than the mere question of an award of custody under a decree of divorce between the parents of the child, in Illinois. In any event, appellants were entitled to show whether or not said decree was a final decree, under the statutes of the state of Illinois, where it was entered.

The trial court was in error in holding that, under the full-faith-and-credit clause of the Federal Constitution, the decree of divorce, entered in the state of Illinois, between the parents of said child, was conclusive as against these appellants in this action. The question of its effect as between the parties thereto is not involved.

II. Furthermore, it is a well known and familiar rule that a decree of divorce awarding the custody of a child to one parent is not, even between such parties, conclusive and unalterable. Such a decree may be modified in this state after it has been once entered, where the conditions have changed, and the best welfare of the child justifies a modification of the decree in respect to the matter of custody. Section 10481, Code of 1924. The law of a foreign state is presumed to be the same as that of this state. The decree awarding custody of a child, in a divorce action, is provisional and temporary in character, and is not *res adjudicata* except as to the facts and conditions before the court at the time of the decree, even as between the parties. As to conditions arising subsequently, the decree may be modified in this regard.

We recently had occasion to discuss this question at length in *Franklin v. Bonner,* 201 Iowa 516. See, also, *Lindquist v. Lindquist,* 148 Iowa 259; *In re Smith's Guardianship* (Iowa), 158 N. W. 578 (not officially reported); *Sherwood v. Sherwood,* 56 Iowa 608; *Boggs v. Boggs,* 49 Iowa 190; *People ex rel. Hickey v. Hickey,* 86 Ill. App. 20; 19 Corpus Juris 366, Section 831.

Of course, the courts of this state have no jurisdiction to modify the terms of a decree of a foreign state; but in this kind of a proceeding in habeas corpus, to determine the custody of a child, the courts of this state, having jurisdiction of the child, have a right to determine for themselves the question as to its proper custody at the time of trial, especially as between those not parties to the foreign decree. Even if it be assumed that the courts of Illinois had jurisdiction of the parents and of the child at the time of the entry of the decree of divorce, the award of custody of the child would be subject to modification by the court granting the decree, upon proper showing of changed conditions. Such is the general rule in cases respecting a decree awarding custody. So, likewise, where the child is in another jurisdiction, as in the instant case, the court, in determining the question of custody in a hearing on habeas corpus between third parties, is not conclusively bound by a decree awarding custody, but, giving due consideration to it and to the proven conditions, must determine the question of custody for itself. It is the *present* circumstances and conditions that must determine the matter in such a situation, due regard being had for the welfare

of the child and the legal rights and claims of all parties before the court. This is especially true where, as in the instant case, the rights of third parties, appellants, have intervened. The courts of Iowa have present jurisdiction of this child. They are charged with the duty of determining the rights of the parties in court, respecting the custody of this child. This necessarily involves the determination of what has been legally done heretofore respecting its custody, the change in conditions, if any, the rights of others that have arisen or been created, if .any, and all the facts and circumstances proper to be considered in ascertaining the proper disposition of said child at *this* time, with preeminently due regard for its best interests and welfare.

The trial court confined appellants to too narrow a limit, under the issues presented by the pleadings and the evidence offered in behalf of appellants. The cause must be remanded for further hearing and a determination of the merits of the controversy.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.