KATHRYN M. PARIZEK, Appellant, v. AMIEL W. PARIZEK, Appellee.

No. 40069.

March 11, 1930.

Rehearing Denied September 26, 1930.

*J. M. Otto* and *Joseph Mekota,* for appellant.

*Dutcher, Walker & Ries,* for appellee.

Kindig, J.—On February 2, 1929, the district court granted the plaintiff-appellant, Kathryn M. Parizek, an absolute divorce from her husband, the defendant-appellee, Amiel W. Parizek. When so doing, the court gave the appellant the care and custody of the three minor children, Leonard, Laura, and Marcella Parizek, aged, respectively, nine, seven, and two years. At the same time, the court granted appellant the following alimony: First, all the household goods belonging to the parties; second, a house and two lots in Lone Tree; third, an undivided one-third interest in 160 acres of land two and one-half miles north of Lone Tree; fourth, $60 per month, beginning February 4, 1929, until the youngest of said minor children attains majority; fifth, $50 per month after said youngest child thus becomes of age; and sixth, all said deferred payments were made a lien upon the appellee's undivided two-thirds interest in and to the said farm land, and the appellee was expressly denied the right of mortgaging or in any way incumbering said real estate without a court order authorizing the same. Likewise, the judgment and decree imposed upon the appellee the obligation to pay all the farm taxes, maintain adequate insurance, and keep the farm buildings and other improvements on the acreage in proper repair. To accomplish this, appellee was given the entire proceeds from the farm. Certain temporary alimony

and attorney fees were also granted the appellant. No complaint is made by appellant concerning that part of the judgment and decree granting her a divorce and the custody of the minor children.

But one question is presented for consideration, and that relates to the sufficiency of the alimony. Appellant claims that she should have received a different and more favorable award. More specifically stated, her contention is that, in addition to the house and two lots in Lone Tree, she should have received a judgment for $14,100, "to bear 4 per cent annually, and remain a lien on the entire farm land until paid." Furthermore, appellant insists that the entire sum should mature within "a reasonable period." The appellee maintains that, under the circumstances, the action of the district court in respect to the property distribution was fair and equitable in the premises.

Such is the problem presented for solution. Section 10481 of the 1927 Code provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right * * *."

As said in *Fitch v. Fitch*, 207 Iowa 1193:

"Numerous elements enter into the problem of fixing alimony. The wife's necessities are not alone the criterion, because the husband's ability to pay, as well as other contingencies, must enter into the equation."

"What is right" in this case, under the statutory provision aforesaid, must depend upon the peculiar facts and circumstances involved. *Schneckloth v. Schneckloth*, 209 Iowa 496; *Black v. Black*, 200 Iowa 1016; *Schorr v. Schorr*, 206 Iowa 334.

The property for distribution, as indicated by the district court's decree, consists of a house and two lots in Lone Tree, a 160-acre farm near there, and the household goods. Appellee is 46 years of age, while appellant is 42 years old. Neither is in good health. A few years ago, appellee was injured by a horse. This incapacity prevents him from working regularly. However, it is manifest that he is capable of doing considerable farm labor.

All the property is free from incumbrance. It appears,

however, that appellee owes an obligation of $2,000. Apparently appellee has that amount of money which he received from previous rents, and therefore is enabled to discharge this specific debt.

There is dispute between the parties concerning, first, the value of, and second, the income from, the farm. Both parties concede that the land is valuable, well improved, and in a high state of cultivation. According to appellee, repairs have not been made for two years. Witnesses differ concerning the value of this farm. Several of them stated that it was worth $200 an acre, while appellee urges the value does not exceed $150 per acre. Undoubtedly, $175 an acre is a fair value, for the purpose of making a distribution between the appellant and appellee. Thus we fix the value, in order that the property can be divided according to statute. Each litigant assumes that the house and two lots in town are worth $3,400. Hence, the aggregate value of the farm land and the town property is $31,400. Manifestly, the wife, under the record here presented, is entitled to one half thereof, as indicated by the facts now to be related.

These parties were married in 1906. Upon that occasion, appellee's parents gave the newly married couple 80 acres of said land, and sold them the remaining 80 for $125 per acre. Title was taken in the names of both appellant and appellee. Thereupon, appellant and her husband moved upon the land, and thereafter farmed it until about four years ago, when they purchased the property in Lone Tree, left the farm, and thenceforth lived in town. Contribution to the purchase price of the 80 was made by appellant from her own resources to the extent of $1,300. That money she received from her father.

Throughout her married life, appellant worked in the field, did chores, and otherwise assisted in carrying on the farming operations. Seven children were born to this union. Three are dead. Four are living. One girl is married, and now living with her husband. The other three are the minors involved in this divorce suit. Appellant nursed and cared for those children and did all her housework, without any assistance from anyone.

Under all the circumstances, considering the inhuman treatment inflicted upon appellant by the appellee, the wife's needs, the amount of property involved, and other material facts, we

are inclined to the belief, as before stated, that she is entitled to one half of the property. Anything less will not compensate her for the original investment and sustain her and the children throughout the years to come. By adding the value of the farm to the town property, there is obtained a total worth of $31,400, as previously shown. One half thereof is $15,700. The home in Lone Tree should belong to appellant, because there she can care for the minor children and send them to school. When the value of that property is subtracted from $15,700, or one half of the total aforesaid, the remainder is $12,300. Said remainder amounts to approximately four ninths of the farm, when figured at a valuation based upon $175 per acre. Approximation, rather than exactness, is the theory upon which we are proceeding. Consequently, we are constrained to hold that the appellant is entitled to the town property and four ninths of the land. Such distribution is obviously safer than a payment in money. Cash might, through misfortune or inadvertence, be permitted to slip away, without accomplishing the support of appellant and her minor children. Moreover, with the land thus held, there is provided a source from which the monthly income may be raised for the support of appellant and the minor children. Within the purview of this scheme, under the trial court's decree, appellee cannot mortgage or incumber his portion of the real estate, and said monthly income is especially made a lien thereon. But appellant complains because the sum thus received as a monthly allowance is not sufficient. With this we are inclined to agree. Parenthetically, it is recalled that appellee, under the judgment, receives the income from the farm and pays the monthly installments to appellant in lieu of income from the premises.

Dispute again appears concerning the amount of rentals obtained from the farm by appellee. On the one hand, appellant says the rentals approximate $1,800 per year, while appellee, on the other, fixes the amount at not to exceed $1,600 per year. In any event, it appears to us that this monthly income should be $80 per month until the youngest child becomes of age, after which time the amount shall be reduced to $65 per month. After deducting such monthly income, the appellee will still have enough left to support himself and pay the taxes, insurance, and upkeep on the farm. Especially is

this true when there is added to the foregoing such sums as he himself may earn. He has no one to maintain but himself, while appellant must sustain herself and, in addition thereto, support, provide for, and educate the three minor children. Besides that, appellant must pay taxes and make repairs on and provide insurance for the town property.

Under all the circumstances, then, it appears that the suggested arrangement is just and equitable, and therefore the judgment and decree of the district court is modified to the extent that: First, appellant shall have an undivided four ninths, rather than one third, of said farm lands; second, appellant shall receive $80 per month income until the youngest child reaches majority, instead of $60 per month; and third, appellant shall be given $65 a month after the youngest child becomes of age, in lieu of $50 per month. In all other respects, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.