IDA EVERSON VIERCK, Appellee, v. DALE EVERSON, Appellant.

No. 45101.

MAY 7, 1940.

Tinley, Mitchell, Ross, Everest & Geiser and Dalton & Dalton, for appellant.

G. C. Wyland and R. Kent Martin, for appellee.

HALE, J.—The parties to this proceeding were divorced in October 1932, the custody of their child being given to the mother (plaintiff and appellee herein). Both parties have since married and have other children. The controversy at present is over the custody of the son, who is now 10 years old.

In 1935 the defendant filed an application for modification of the former decree of the court, and on January 3, 1936, supplemental decree was filed slightly modifying the former decree as to the right of visitation. By the first decree the defendant was required to pay $10 a month for the support of the child. In March 1938, the plaintiff filed application to modify the decree as to alimony, which was met by a resistance from the defendant and cross-application in which he asked the court to modify the decree of divorce so as to grant to him the care and custody of the child, to which cross-application resistance was filed by the plaintiff. On hearing, the court refused to change the custody of the child, but permitted him to visit his father for the entire month of July in each year, instead of the 15-day period as formerly; and the defendant was directed to pay the sum of $45.75 for expense of hospital and doctor bills incurred for the child. From this last decree defendant appeals.

It would serve no useful purpose to attempt to set out the testimony offered at the hearing. The general nature of the evidence is familiar to anyone who has had much experience with this unfortunate class of litigation. It appears that there is considerable bitterness between the parents, and this feeling, whether or not they try to avoid showing it, must necessarily be apparent to the child. They live about 11 miles apart.

420

There is no question as to the good character of either parent. Under the former decree the son was permitted to visit his father on the first Saturday afternoon and Sunday of each month and for the 15 days following the 10th of July in each year. While this arrangement was probably as good as could be made, yet it naturally gave rise to some controversy. Complaint is made of various matters, which under other circumstances would be trivial, such as the kind of clothes which the boy was permitted to take on his visits to his father. No doubt, finding a sympathetic audience, he made some complaint about the treatment he received in his mother's home, but it appears that such treatment was no more than was necessary in the way of reasonable discipline. The evidence indicates that both parents have affection for the child. That he enjoyed his visits to his father's home is natural and to be expected, and, as the trial court stated, is also accounted for by the admiration of a boy in middle childhood for his father, and the holiday atmosphere of the short visits to his father as opposed to the routine of his mother's home. We have read carefully the evidence in relation to the treatment of the child at the two houses, and also the interpretation of the evidence by both plaintiff and defendant; and we are unable to find anything indicating that his treatment at the home of his mother, aside from the feeling of the parents toward each other, is to the detriment of one of his age. During the trial, with the consent of both parties, the judge had a private interview with the child, and in the decree he gives facts that were revealed from such conversation. Apparently at his mother's home the boy was required to retire at 8 o'clock and rise at 6, while at his father's home he was permitted to go to bed at such time as suited him—according to his story, about 11 o'clock—and get up when he pleased. He had some nice toys at his father's home and very few at his mother's. His father took him to picture shows and his mother did not. At the mother's home there were a few occasions when corporal punishment was administered, but not to any great extent. In his story

to the judge the boy complained somewhat that his mother permitted him only two glasses of milk at each meal. The court's opinion was the existence at the mother's home was more frugal, that habits and fare were plain but substantial. He has affection for both parents, and for his stepfather and stepmother. He is growing up to be a clean, fine appearing boy, with a healthy mind and body. The court found that he is having a good upbringing and that the order for his custody should not be substantially changed.

Defendant suggests that the wishes of a child should have some consideration. This may be true; but the wishes of a child 9 years old at the time of trial, under the circumstances of this case, cannot have great weight. Another argument advanced by defendant is that, where the father is in better position to give the child better training than the mother, the decree should be modified; but the evidence does not indicate this to be the case. Neither party denies that the controlling consideration is the welfare of the child. That has often been held by this court. We agree with the trial court that the interests of the child will best be served by permitting him to continue in his present home. It is also true that in the original decree and in the decree modifying such original decree the custody of the child was fixed, and the evidence does not indicate any change in the circumstances or any change in the present environment of the child which would require the action of the court. Without such showing this court has frequently refused to make any modification in the decree. See Neve v. Neve, 210 Iowa 120, 122, 230 N. W. 339, 340; Newburn v. Newburn, 210 Iowa 639, 231 N. W. 389; Wood v. Wood, 220 Iowa 441, 447, 262 N. W. 773, 776, and cases cited. The issues in this case are mainly those of fact. In each of the three hearings where this question has been raised the district court saw the parties, heard the testimony, and was in position to determine what was demanded for the best interest of the boy. In the two prior hearings it has been determined and adjudicated that he should remain with his mother. In the controversy appealed from the same decision

was reached. We believe that the decree of the district court was right, and it should be affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, STIGER, SAGER, BLISS, OLIVER, RICHARDS, and MILLER, JJ., concur.