RUSSELL GEORGE MORAVEK, by his next friend, GEORGE MORAVEK, Appellant, v. NICK J. CROCK et al., Appellees.

No. 45480.

APRIL 8, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

Thompson & Thompson and Carl H. Mather, for appellant.

E. A. Johnson, for appellees.

SAGER, J.—For the sake of brevity the father will be spoken of as plaintiff. The abstract of appellant was assailed by a denial which stripped it to the application, to the demurrer and to the judgment and the decree. Notwithstanding this, we here set out some facts which may aid in understanding the nature of the controversy.

On December 23, 1928, when the minor was only 18 days old, his mother died. He was with plaintiff's consent taken by his maternal grandparents with whom he has since been living. In June 1931, plaintiff remarried and on June 5, 1933, brought an action to recover custody of his son. That is the case in which the application we are considering is filed. On issues joined a trial was had with such result that on June 12, 1933, the petition for the writ of habeas corpus was denied. No appeal was perfected, and the decree has not been assailed except as is here attempted.

On March 8, 1940, plaintiff filed in the original action the application for a vacation and modification which is before us. At this point the question occurs as to whether plaintiff should not have brought a new and independent action; but the point is not raised and we pass it.

Plaintiff's application is in two divisions. The first assails the original decree for the reason that it was "made and entered in violation of law and without right, power or jurisdiction on the part of the court" to render it. Appellant in support of his contention in this regard cites cases among which are Barnett v. Blakley, 202 Iowa 1, 209 N. W. 412, and Jensen v. Sorenson, 211 Iowa 354, 233 N. W. 717. Neither these cases nor any other of our decisions support plaintiff's contention. He admits that the court had jurisdiction of the parties and of the subject matter. This being so, the court had jurisdiction to decide even though its decision be wrong. We find no merit in this contention.

His second proposition has more substance to it. This division of the application alleges plaintiff's present ability to take care of his son, the benefits that will accrue to the boy from association with his brother (two years older) in school and out of it, the parental rights of the plaintiff and other matters which need not be set out. It charges:

"That subsequent to the entry of the findings and decree as above mentioned the said Russell George Moravek has become affected with an ailment of his nose which affects the inhalation and exhalation of air through his nose and which ailment and physical defect is apparently affecting his general health, and said physical defect and ailment has now continued for more than a year last past, but notwithstanding the injurious effect of his ailment and defect the said defendants have taken no means to give said minor child the necessary medical or surgical treatment for the correctment of said defect; that such physical defect or ailment has affected the appetite of said minor child and said child does not eat heartily or assimilate his food and is growing pale, enemic and thin, but notwithstanding such apparent physical condition the said defendants have failed and neglected to give or cause to be given the said child the medical care and attention that his physical condition requires."

This allegation admitted as it is by the demurrer is not only sufficient to warrant but to demand an investigation on the merits to determine as a matter of fact what is best for this child. The legal principles applicable to cases of this kind are so well

stated by Justice Hamilton in Ellison v. Platts, 226 Iowa 1211, 286 N. W. 413, that no further citation of authority is necessary. To the end then that a hearing be had which will permit a full investigation of the claims of the plaintiff to the custody of his son and a determination as to where the best interests of the minor lie, this case is reversed and remanded.—Reversed and remanded.

MILLER, GARFIELD, BLISS, OLIVER, STIGER, and WENNER-STRUM, JJ., concur.