LEMUEL E. AGAN, Appellant, v. GLADYS AGAN, Appellee.

No. 47167.

(Reported in 30 N. W. 2d 673)

FEBRUARY 10, 1948.

Stuart & Stuart, of Chariton, for appellant.

Oscar A. Stafford, of Chariton, for appellee.

SMITH, J.—The facts here constitute one of Life's tragedies quite beyond judicial power or wisdom to soften. The story is brief.

The parties were married thirty years ago. Plaintiff was thirty-five, defendant seventeen. Plaintiff had already been married and divorced and had four children, ranging in ages from five or six to fourteen years. These were all members of the new family and continued so until they severally matured and launched out for themselves.

In the meantime six children were born to defendant and plaintiff. These in turn have grown up and gone—all except

fourteen-year-old Lloyd who is still home and at school. Bobby, nineteen, was in the Army in Japan at the time the suit was tried.

Plaintiff owned only household goods when they were married. Their final separation after thirty years found them with only a small home, worth from $1,800 to $2,250. It stood in defendant's name but plaintiff, from a small inheritance, paid $400 of the original $500 investment. The present increased value is due to repairs and improvements (paid for from joint earnings) and doubtless partly to present inflationary conditions. It is impossible, at least under this record, to determine in what proportions the parties have contributed to the present value.

Defendant started working outside as soon as the youngest child could be left with a woman hired to care for him. There were still six children at home. She has "worked out" off and on ever since at employment of different sorts. Plaintiff too has worked in various capacities. There seems no complaint by either against the other of any lack of industry. Unfortunately their earnings were small.

They lived in various places. Plaintiff was on a farm when they were married. Soon they moved to Buxton where plaintiff worked as a coal miner. Later they rented a farm near Lucas and lived on farms in that neighborhood for four years.

During the bad farming years they moved into Lucas where plaintiff worked as a day laborer, digging wells, teaming, and at whatever work he could find. In 1935 they tried farming again, this time in Wayne county but soon plaintiff went on WPA and they went to Corydon where defendant worked in a poultry house, candling eggs and dressing poultry.

Later plaintiff found work for awhile in Ottumwa at the Naval Air Base. Eventually they went to Chariton, plaintiff still working at whatever he could find to do and defendant working in an overall factory.

Throughout their married life plaintiff drank to excess and that is what finally led to their separation and divorce. The court awarded defendant the custody of Lloyd and gave her the home and household goods. Judgment was rendered against plaintiff for costs but not for attorney fees, alimony or support.

Plaintiff appeals only from the property award. He is now sixty-five and defendant forty-seven. Plaintiff testifies his health is poor and he is unable to do any heavy work due to enlargement of the heart.

We confess our inability to suggest a better or wiser disposition of the matter than was made by the trial court. We are urged to order a sale of the home and to give plaintiff and defendant each one third of the proceeds and to place the remaining third in trust for the minor child. We cannot thus deprive defendant and the minor son of a home. Plaintiff testifies he is now living with their son Kenneth Ray in Ottumwa and that Kenneth would be "tickled to death" to take Lloyd in too. Kenneth does not testify. Plaintiff is getting $37 per month from one son in service.

We do not believe under this record that plaintiff is entitled to or should be awarded the custody of the minor. So long as the separation seems unavoidable, defendant is the one who must assume responsibility for the child and she should be awarded the home for that reason if for no other. Even if plaintiff were not the one at fault in the situation it is doubtful if he could care for the boy.

What is said in Donovan v. Donovan, 231 Iowa 14, 15, 300 N. W. 656, 657, seems pertinent here:

"Ordinarily, a wife is only entitled to such just share of the husband's property as is reasonable under all the circumstances and only in rare cases and under unusual circumstances will the court give all of the husband's property to the wife.

"In this case plaintiff's earnings were invested in the home and its furnishings. This property could not be divided between the parties. Plaintiff has the obligation of providing a home for the children and the record shows that she will be able to maintain her family in this home more economically than by renting a suitable residence. A sale of this property, under the circumstances, would be most inadvisable."

In argument here it is said:

"Certainly it is quite a reward to have a court take away from you everything that you were able to save in 65 years of

hard labor at a time when you are no longer physically able to perform manual labor and say to you—from now on you can live on the charity of others."

The situation *is* cruel but the court did not create it. Nor is it strictly accurate to refer to the pitifully small amount of property here as plaintiff's life savings, without giving any credit to defendant who reared ten children (not all her own) and devoted thirty years of her life caring for them and for plaintiff, besides earning wages a considerable part of the time by outside work.

We know of no way entirely to save these people from the tragedy that envelops them. The decree comes as near perhaps as any that can be devised. It is not a matter of punishing plaintiff or of rewarding defendant. Rather it is a problem of salvaging whatever may be saved from a difficult and unfortunate situation.

The decision of the trial court is affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, HALE, GARFIELD, MANTZ, and HAYS, JJ., concur.