A. DEAN FLANDERS, appellee, v. VENA FLANDERS, appellant.

No. 47553.

(Reported in 40 N.W. 2d 468)

JANUARY 10, 1950.

Dickinson & Dickinson, of Des Moines, for appellant.

James M. Stewart and William W. Sullivan, of Des Moines, for appellee.

OLIVER, J.—The parties were married in 1935 and lived together until 1948. At the time of their marriage the husband (plaintiff) was thirty-two years old and was conducting a collection service in Des Moines. The wife (defendant) was then

thirty-eight years old and was earning about $90 per month as a bookkeeper in the Des Moines office of an insurance company. For several years after the marriage she continued this employment. The son, Wendell, was born in 1941. Plaintiff studied law in connection with his work. In 1941 he was admitted to the bar and since 1943 or 1944 has practiced law at Des Moines. His net earnings after taxes averaged about $2000 per year from 1942 to 1946. In 1947 they were $3778 and in 1948 several hundred dollars less. Defendant's evidence of cruel and inhuman treatment was largely of plaintiff's use of improper language in the frequent quarrels of the parties during the later years. The trial court referred to it as "not too strong." However, plaintiff has not appealed, and the question of the sufficiency of the proof is not before us.

Mrs. Flanders complains of the amount of alimony awarded her and of the provisions of the judgment which, after granting her the custody of Wendell, awards his temporary custody to plaintiff each Wednesday afternoon after school, each Saturday afternoon, each alternate Sunday and the night before, and one month during each summer vacation. The property accumulated by the couple had been paid for in part by the wife from her savings. The trial court divided it as follows: To the wife, the home valued at $12,500 and its furnishings valued at $1000; to the husband, real estate valued at $2200, an automobile valued at $1500 and his life insurance with a cash value of $1200. The value of husband's office equipment and accounts was $475.

The judgment provided that the husband pay the costs of the action, including a fee of $350 for the wife's attorneys, and $50 per month for Wendell's support until the son reaches the age of eighteen years. The court found also that "defendant * * * was * * * a bookkeeper and is still able to keep books, according to her own testimony, but that because of the tender age of the child, Wendell, and because of her probable need of an operation in the near future, the court finds that it will be some time before she will be able to get gainful employment, and for that reason" plaintiff should pay defendant for her use and benefit $50 per month for three years.

The specific contention of Mrs. Flanders at this point is that her allowance of $50 per month for three years should

be increased to $75 per month to continue until Wendell graduates from high school. As pointed out in Brannen v. Brannen, 237 Iowa 188, 193, 21 N.W. 2d 459, among the matters to be considered in awarding alimony to a wife who is granted a divorce are her needs, the husband's ability to pay, the age, health and future prospects of the parties, the contributions of each to the joint accumulations, the children involved and to be provided for, the earning capacity of each party, the duration of the marriage, the conduct of the parties, and any other facts which may assist the court in reaching a just and equitable decision. A review of the record in the light of this pronouncement satisfies us the division of the property and the allowances made by the trial court for the support of Wendell and for Mrs. Flanders were fair and just and should be approved.

Nor does the record indicate any abuse of discretion in the visitational and custodial provisions of the judgment. The trial court found the relationship between the mother and the child was mutually warm and affectionate and that in view of Wendell's age his custody should be placed with his mother. "However, it likewise appears that the father-and-son relationship is also warm and affectionate and every reasonable right of visitation, including temporary custody, should be extended the father. having in mind the best interests of the child at all times." We concur in that finding and conclude the provisions of the judgment giving the husband rights of visitation with and temporary custody of Wendell should not be disturbed.

Appellee's motion to dismiss the appeal is overruled.—Affirmed.

All JUSTICES concur.