DAVID LEE STILLMUNKES, a minor, by CLARENCE STILLMUNKES, as next friend, appellant, v. MARGARET STILLMUNKES, appellee, and CLARENCE STILLMUNKES, respondent-appellant.

No. 48469.

(Reported in 65 N.W.2d 366)

JULY 26, 1954.

Robert H. Kintzinger and Charles A. Kintzinger, both of Dubuque, for appellant.

David Kintzinger, of Dubuque, for appellee.

LARSON, J.—On March 10, 1952, a writ of habeas corpus was issued and served on the defendant-mother as a result of a petition filed on behalf of the infant son by his father. A motion was made and sustained bringing the father into the proceedings as respondent. The gist of the complaint was that the defendant-mother refused to allow the father to see or share in the custody and control of the infant son, David. The defendant's answering petition denied those allegations and, in addition to asking the court to grant her the sole custody of the child, prayed that the respondent be compelled to furnish support for her and the child, and for attorney fees.

The trial court found for the defendant, granting to her the care, custody and control of the plaintiff, David Lee Stillmunkes, during his minority. It granted the respondent-father visitation on Saturday of each week from 10 a.m. to 6 p.m., during which time the father could take the child out in his care and supervision, and redeliver him to defendant's home. It further decreed that the respondent-father pay to the defendant, toward the support of his minor child, the plaintiff herein, the sum of $80 per month, and denied defendant support money or attorney fees. The respondent-father appealed.

The record discloses that the respondent and defendant were married on March 8, 1941, and lived together until January 5, 1952, in Dubuque, Iowa. The plaintiff, David Lee Stillmunkes, was born on October 18, 1949, the sole issue of this marriage. The respondent-father is employed as a full-time bus driver for the Interstate Power Company of Dubuque and earns for that service about $300 per month. The defendant-mother is employed at the General Dry Battery factory and earns approximately $50 per week from that source. The father also is engaged in part-time farming. The mother also receives some income from rentals, and between $5 and $7 per week for transporting others to and from work in her automobile. Property accumulated by their joint efforts was divided by mutual agreement at the time of their separation. The mother received $6000 in cash and the father received an 80-acre farm he valued at $8000 encumbered by a $4000 mortgage. We are not concerned as to the equality of that division at this time, but are content that the parties were satisfied at the time it was made.

The mother purchased a property in Dubuque on contract which she values at $14,500, and she still owes about $7000 thereon. She rents out a three-room apartment therein for $65 per month and has two other rooms which she rents out when possible at $7 each per week. Only one was so rented at the time of this trial. Another four-room downstairs apartment is occupied by herself, the plaintiff, and her minor son, Jimmie, by a former marriage. It is well furnished and comfortable, with a debt of about $700 on the furniture. Her taxes, utilities and insurance run a little over $600 per year. She paid for her car from earnings from seven riders to and from work.

The father now resides on the farm about seven miles from Dubuque with his son by a former marriage, Virtus Thomas Stillmunkes. Also residing on the farm is his son's wife and three small children. The farm was placed in the name of Virtus to hold for the respondent-father if he wished to otherwise dispose of it, or if not, Virtus was to have it for taking care of the respondent in his old age. The respondent owes about $2000 on machinery and livestock in addition to the $4000 obligation on the farm. The farm venture had been a $1400 loss last year, but respondent expected to make about $2000 on hogs this year.

I. The action instituted by the plaintiff is a statutory proceeding of habeas corpus. This court has, as have courts generally, modified and enlarged the scope and original purpose of the writ as applied to the custody of minor children, and now considers and treats the proceeding as invoking the broad and highly equitable power of the court, to the end that the paramount and ultimate consideration of the court is the best interest and welfare of the minor children brought before it. Barnett v. Blakley, 202 Iowa 1, 209 N.W. 412. The reasoning and purpose we discussed fully, with many citations, in Helton v. Crawley, 241 Iowa 296, 309, 310, 41 N.W.2d 60. The thought is rather severely expressed in Jensen v. Jensen, 237 Iowa 1323, 1324, 1325, 25 N.W.2d 316, 317, where we said:

"We have said time and again, and the modern authorities agree, that in a matter of this kind the welfare of the child is superior to the claim of either parent and the wishes of the parent are entitled to little if any consideration."

1086

■ It is well settled that "after the court's jurisdiction has been invoked by habeas corpus petition seeking custody of a child, the child is a ward of the court and its welfare lies in the hands of the court * * *." 39 C. J. S., Habeas Corpus, section 41, page 570.

The court determined the proper party to whom custody should be given, the time or times the other party is to have such care, and the financial obligations of the parties, which under the circumstances revealed will best serve the child's interest.

Our first inquiry is as to the child's needs, and our second as to the ability of contending parties to provide that which will be for the child's best interest, and possibly, third, the part each should contribute rather than gain in furthering the best interest of the child.

■ II. There is no hard and fast rule as to which parent or other person should be awarded the custody of minor children. Each case must be judged on its own facts. Maron v. Maron, 238 Iowa 587, at 592, 28 N.W.2d 17; 27 C. J. S., Divorce, section 308(b); 39 Am. Jur., Parent and Child, section 20.

■ Ordinarily, all other considerations being equal, there is perhaps a presumption that a young child's interest will be best served by being with its mother. Maron v. Maron, supra; Caldwell v. Caldwell, 141 Iowa 192, 119 N.W. 599; Wood v. Wood, 220 Iowa 441, 262 N.W. 773. While entitled to some weight, this is not a strong presumption and is overcome in many instances by the adverse personality, character and habits of the parent, as well as by inadequate facilities for the care and supervision of the child, and many other factors. Proper determination of such custody matters, largely fact questions, depends on the credibility of witnesses and character and appearance of litigants. In such cases the trial court is in a better position than we to judge, and its discretion should not be disturbed unless there was an abuse thereof. Ellison v. Platts, 226 Iowa 1211, 286 N.W. 413; Wood v. Wood, supra. Here, however, we strangely find no charges against the character, habits, facilities or affectionate relationship between the mother and the child. The record clearly shows that when defendant left for her separate home in January 1952 she took with her the child,

David, without objections from the respondent. Under the division of property agreement signed by both parties she was to have the baby bed and bedding, indicating a willingness of respondent to permit the mother the custody of the child. The respondent-father further admitted that the mother's character was above reproach, that there was a warm affectionate relationship between mother and child, and that the facilities she had for its care were good. There is nothing in the record to contravene those facts. We find no reason to disagree and therefore agree with the trial court in its determination that the care and custody of the plaintiff should remain with the mother. Respondent's sole and only complaint was that for a short period of time defendant refused him permission to see the child, and that had been remedied before the hearing. In fact, there is some doubt disclosed in the record that the respondent feels qualified and able to assume the full care and custody of the child, but rather advocates a period of custody be allotted him in the summertime when father and son may assume the natural father-and-son relationship desirable for the better development of the boy. The trial court did not provide for such period of care in the father, and although the record does not disclose any abuse of discretion in the visitational and custodial provisions of the judgment, we believe it would not be detrimental, but beneficial to the boy, to spend some part of his summers upon the farm with his father. The record discloses a mutual warm and affectionate relationship between the father and son and it should be kept that way for the best interest of the child.

While there was some attempt to smear the character of the respondent-father, it appears unjustified and the defendant-mother admitted he was a good man with good habits. We are not persuaded that he is not a proper person to have the care or custody of his child. We are convinced his habits and character are good and that the child would not suffer in his care or custody. The facilities he has to offer, though not as modern as the mother's, nevertheless are no disadvantage in the summertime when school is not in session and inclement weather does not make dirt roads impassable and does not make the use of outside toilet facilities too inconvenient. The fact that he has a large play yard, would share a room with his father, and that

there are other small children with whom to play and associate on the farm, will not be to his detriment. Association with his father then on his vacation will do much, we think, to retain and strengthen the mutual warm and affectionate relationship needed between father and son. While it is true we said in Maron v. Maron, supra, that ordinarily it is not for the welfare of children to live part of the time in one household and part in another, we believe such benefit, as well as the healthful and interesting experience on the farm, will greatly overshadow any so-called upsetting conditions occasioned by the change of residence. This is particularly true as the record discloses that neither of these parents has tried to destroy the love of the child for its other parent. The question of whether divided custody is bad for the child is always governed by the circumstances shown. Flanders v. Flanders, 241 Iowa 159, 40 N.W.2d 468; Vierck v. Everson, 228 Iowa 418, 291 N.W. 865. We are further convinced that the care promised by the daughter-in-law, Delores Stillmunkes, during such period will not be detrimental or be abused by the fact that she has three small children of her own. The defendant spoke highly of her and there is no basis shown to justify a charge against her of impending partiality. We believe a period of thirty days between June 15 and August 30 of each year a proper period of time when the respondent-father should have the care and supervision of the plaintiff on the farm, and to that extent the judgment of the trial court is hereby modified.

 III. Perhaps an even more troublesome question involves the amount of money to be paid to defendant-mother for the care and support of plaintiff. While the action was in habeas corpus, the parties made an issue of the question of child support and tried it out without objection. We therefore proceed to consider it. We have said many times that the court does and should take into consideration, in making this award, the sex, health, age, and future prospects of the parties, the private estate of each, the earning capacity of each, their respective incomes and their respective indebtednesses, and any other facts which may assist the court in reaching a just and equitable decision. Mitchell v. Mitchell, 193 Iowa 153, 185 N.W. 62;

Flanders v. Flanders, supra; Black v. Black, 200 Iowa 1016, 205 N.W. 970; Brannen v. Brannen, 237 Iowa 188, 21 N.W.2d 459; Mitvalsky v. Mitvalsky, 191 Iowa 8, 179 N.W. 520.

██ Another most important element to be considered in fixing the amount of child support is the need of the child, and to that end both parents must contribute to that need, not necessarily equally, but proportionately according to their ability and circumstances. Addy v. Addy, 240 Iowa 255, 36 N.W.2d 352, and cases cited therein. By reason of section 597.14, Code, 1950, which provides that the reasonable and necessary expenses of the family are chargeable upon the property of both husband and wife, the view prevails in Iowa that even between the parents they are under the same legal duty to support the children. Stamp v. Stamp, 196 Iowa 1133, 196 N.W. 7, and citations; Boozel v. Boozel, 193 Iowa 78, 185 N.W. 85; Addy v. Addy, supra. We have often said neither parent is divorced from the child nor from the obligation to provide a sufficient amount for his decent maintenance and education. At common law and in most states the father is primarily liable for the support of his minor children. Johnson v. Barnes, 69 Iowa 641, 29 N.W. 759; Zilley v. Dunwiddie, 98 Wis. 428, 74 N.W. 126, 40 L. R. A. 579, 67 Am. St. Rep. 820; 39 Am. Jur., Parent and Child, sections 35–38. However, in Iowa, due to the provisions of section 597.14, Code, 1950, the primary liability for child support is placed upon both the father and the mother. There seems to be little question as to the child's needs herein, or that they are being adequately taken care of by the mother. She testified that she valued the need at $109 per month and, at the request of counsel for respondent, itemized the expenses she considered. We would not consider compelling all the items defendant would charge against the child, for it would seem no extra rooms are needed or required for his housing. While ordinarily we may consider rental as a proper expense when necessary and when paid out, it seems that the $26 charged the child for a third of the reasonable rental value of the defendant-mother's apartment was not here a proper chargeable expense for the child's support. If that were deducted the amount necessary per month would be $83. Thus we conclude under the circumstances disclosed by the record that the trial court's judgment that re-

spondent pay defendant child support of $80 per month would result in a rather lopsided contribution by the father, making the father's liability actually primary. This proceeding is in equity and it is proper for us to reconsider the award. Addy v. Addy, supra. Though we agree with the trial court that the father must contribute substantially toward his son's support, we must disagree that $80 per month child support is a proper contribution to require of him. The burden must be shared more equally. Donovan v. Donovan, 231 Iowa 14, 300 N.W. 656; Parizek v. Parizek, 210 Iowa 1099, 229 N.W. 689. Both parties spent much time contending that the other was at fault in the separation of the father and mother. Such joint obligations cannot be abrogated by fault, or by agreement to the contrary, for it is against public policy to relieve either parent of his legal obligation to support their minor children, and we find herein no reason to penalize either parent. 39 Am. Jur., Parent and Child, section 42.

■ Under the record, the defendant-mother was in as good if not better financial condition than the father. Regardless of how the assets of these parties were divided when they parted, she now owns a car, nice furniture for a large house, and a $7500 equity in a $14,500 city property. The respondent-father has a $4000 equity in an $8000 farm, with some farm stock and machinery upon which he owes $2000. He earns about $4000 per year and expects a profit of $2000 this year from hogs raised. The mother earns about $3000 per year and takes in about $100 per month from rentals and rides. She pays $100 per month on the home, which is in fact a savings. The trial court's award to defendant of $80 per month from the respondent-father for child support, we believe, under the record here, should be reduced to $50 per month. See Addy v. Addy, Boozel v. Boozel, and Black v. Black, all supra. The income certain of each is about the same, and they should, under the circumstances disclosed by this record, contribute almost equally to the support of the child.

The trial court's finding that the respondent should contribute to defendant for the support of the plaintiff is affirmed, but modified as to the amount so as to provide that the respondent-father, Clarence Stillmunkes, shall pay to Margaret Still-

munkes, defendant-mother of the plaintiff minor son, David Lee Stillmunkes, at the time and place originally provided by the trial court's decree, the sum of $50 per month, payable $25 on the 1st and 15th of each respective month and continuing as long as the child remains in school and is dependent for support upon his parents, not however beyond the date of his majority. Costs in this court are to be divided equally.—Modified and affirmed.

GARFIELD, C. J., and BLISS, OLIVER, WENNERSTRUM, SMITH, MULRONEY, and THOMPSON, JJ., concur.

HAYS, J., takes no part.