PATRICIA McCRERY, appellee and cross-appellant, v. RICHARD D. McCRERY, appellant and cross-appellee.

No. 51871.

(Reported in 138 N.W.2d 876)

DECEMBER 14, 1965.

Tesdell & Miller and Robert R. Rydell, all of Des Moines, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee.

STUART, J.—Both parties have appealed from the order of the trial court modifying the visitation rights awarded plaintiff in the original decree of divorce.

Plaintiff and defendant were married December 29, 1961, and divorced November 1, 1963. Ryan was the only child born of this marriage. The divorce was granted to defendant, father, on his cross-petition and he was awarded custody. There was no contest. Plaintiff was given "reasonable rights of visitation". On May 29, 1964, defendant married his present wife, a divorcee with four children by her former husband. Plaintiff learned of the remarriage July 3, 1964, and shortly thereafter filed a petition to modify the custody provisions of the divorce decree to which a second count was added by amendment asking increased and definite rights of visitation in the event custody was not changed.

The trial court's order after hearing on the petition to

modify left the custody of the child in the father. The mother was given the right to have Ryan with her every weekend from 8:30 a.m. Saturday until 6 p.m. Sunday; all the time during her school vacations except that the father was given weekend visitation privileges during extended periods and the right to have Ryan with him on Christmas eve. Ryan was to spend alternate birthdays with his mother. Jurisdiction was reserved for further determination when the mother completed her work at Drake.

The father appealed from the change in visitation rights and the mother cross-appealed from the custody award.

I. We shall first consider the mother's cross-appeal. Both parties recognize the custody provisions of a divorce decree are final as to circumstances then existing and that "such provisions will be modified only where it is proven by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the children requires, or at least makes expedient, such modification. In matters of this kind the child's welfare is the controlling consideration." Welch v. Welch, 256 Iowa 1020, 1024, 129 N.W.2d 642, 644.

The mother relies almost completely on the father's remarriage to a woman with four children and the resulting additional family and financial responsibilities as being a sufficient change in circumstances. The father's other deficiencies of which she complains all existed at the time of the divorce. Even these charges did not amount to serious misconduct.

The evidence showed the father worked steadily at John Deere for six months prior to the hearing and was earning about $530 to $575 per month, gross. The present wife was working and earning $55 to $60 per week. She also received $150 per month child support from her former husband. They rented a comfortable four-bedroom home for $140 per month close to Windsor School. Satisfactory babysitter arrangements seem to have been made. The father needs only a course in practice teaching to obtain a degree from Drake University, which he has been working on sporadically since 1956.

The mother is 22 and a sophomore in Drake. She plans to get a degree and seek a job as a retail buyer. She lives by herself in an apartment and has an adequate separate income. Her

parents, Dr. and Mrs. Henry H. Gurau, live in Des Moines. Although she is under the care of a psychiatrist, there is no evidence of any serious difficulty.

This case offers a refreshing change from most child custody cases in that no one has anything very bad to say about anyone else. It is pointed out that defendant's present wife's last child was born out of wedlock during an attempted reconciliation with her former husband, which failed. There is no charge she is of immoral character.

The mother testified: "I have observed the way the present Mrs. McCrery dresses her children. On the one Sunday I was over there, their father was coming to pick them up, and she had them dressed very nicely.

"I have observed their home where they live and it is a nice home. Whenever I have been over there Mrs. McCrery is there with the children. There is nothing wrong in the way Dick takes care of Ryan. In my opinion, Dick is a capable father so far as the custody of the children are concerned."

██ While it is possible a remarriage and the mingling of two, possibly three, families may result in such a change in conditions and circumstances that a change in custody would be to the best interest of a child, such marriage, ipso facto, is not sufficient. Here there is no showing of any adverse effect on the physical or mental health of the child. He has not been abused by the stepmother or picked on by his stepbrothers. He is adequately clothed, housed and fed insofar as the record shows. If conditions develop which are damaging to Ryan's good health and best interest, the custody can always be reconsidered. At the present time, however, there has not been shown such a change in circumstances to require a change in custody for the best interest of the child.

"The weakness of defendant's case, as we see it, is not that there are no changed circumstances since the divorce but that circumstances have not so changed that the welfare of the child 'demands' (as several of our decisions say) or renders 'expedient' (as Code section 598.14 states) the desired change of custody." Scheffers v. Scheffers, 242 Iowa 563, 569, 47 N.W.2d 157, 160.

██ ██ II. The liberal visitation rights allowed the mother indicates the trial court was favorably impressed with her. Nothing in the record belies this impression. However, we have consistently opposed divided custody except under the most unusual circumstances. Maron v. Maron, 238 Iowa 587, 28 N.W.2d 17, 19; Huston v. Huston, 255 Iowa 543, 122 N.W.2d 892. If the mother elected to forego summer school she would have Ryan's custody almost one half of the time. Awarding custody to the mother every weekend would give the father little free time to spend with his child and restrict her opportunity for other social contacts.

We agree it is for the best interest of all that the visitation rights be definitely defined, but cannot approve of the extensive rights awarded to the mother in the modification.

We, therefore, modify the decision of the trial court expressed in his order modifying the decree by granting to the mother the following visitation privileges.

Plaintiff, Patricia McCrery, shall have the right to have her son, Ryan, visit her every other weekend from 8:30 a.m. Saturday until 6 p.m. Sunday. She shall also have the right to have him with her from 8:30 a.m. on the first day of Christmas school vacation until 8:30 a.m. the day after Christmas in odd numbered years and from 8:30 a.m. the 26th day of December until 6 p.m. the night before school resumes following Christmas vacation in even numbered years.

She shall also have the right to have her son, Ryan, with her for two two-week periods during each summer, one of which shall coincide with her vacation period. If the parties are unable to agree on the second period it shall be either the last two weeks of June or the first two weeks of August as the plaintiff may choose.

She shall also have the right to have her son with her on his alternate birthdays from 8:30 a.m. until 8 a.m. the day following, commencing with his birthday in October 1966.

Except as hereinabove modified, the decision of the trial court is affirmed.

Modified and affirmed on defendant's appeal—affirmed on plaintiff's cross-appeal.—Modified and affirmed.

All JUSTICES concur.