Barbara L. Schildgen, appellant, v. Richard John Schildgen, appellee.

No. 52217.

(Reported in 148 N.W.2d 629)

February 7, 1967.

Fuerste & Carew, of Dubuque, for appellant.

Kintzinger, Kintzinger & Van Etten, of Dubuque, for appellee.

SNELL, J.—This is an appeal and cross-appeal in a divorce case. Although vigorously contested in the trial court the divorce is not in issue on appeal. The issues before us involve child custody and support, visitation rights and alimony.

From the record before us it appears that most of the testimony in the trial court was directed to the issue of divorce. The court granted plaintiff a divorce. We have reviewed the record and find it sufficient in that particular. As the issue of divorce is not argued on appeal no useful purpose would be served by relating the activities leading to the disintegration of this marriage.

Plaintiff and defendant were married in August 1961. They were young. They lived together in varying degrees of dissonance until March 1965. They are the parents of a son Allen, born July 21, 1962. Another son born in 1964 died a few hours after birth.

During their marriage they bought a house for $8500. Some improvements have been made thereon. It is still encumbered for about $6300. They have a car, household goods and some savings.

Plaintiff is now living with her parents and is unemployed.

Defendant is gainfully employed. His salary is $7200 per year.

There is nothing in the record before us as to how defendant would care for the child, Allen, now 4½ years old, if awarded permanent custody. During the pending controversy when defendant has had weekend custody he has sometimes personally provided care. Otherwise, he has taken the boy to his brother's house where there are four children, to his sister's where there are four children or to his parents. Food is provided by these various relatives. Clean clothes are sent along by plaintiff. Defendant's draft status is uncertain. We assume someone would care for the boy but who, how or where does not appear. We are reluctant to approve such uncertainty.

The trial court found that defendant had indulged in improper but not unlawful activities; had expended his energies in excessive participation in sports and has the courage to discipline his child when necessary. He used a belt for spanking purposes. The trial court found "that it is essential to the best interests of the child Allen that he have that care, affection, and attention that only a father can provide to his son." The court said nothing about a small child's need for a mother.

We agree as to the value of a father and what the trial court called a "father figure", but the record does not disclose that defendant has spent much time in that field in the past or how he will provide a stable life for the boy in the future.

Plaintiff's activities have not always been such as to contribute to marital tranquillity. She was lonely and indiscreet in her friendships but there is not a scintilla of evidence of any actual immoral conduct. There is nothing to suggest that she has been other than a good mother.

The trial court referred to the mother, plaintiff herein, as neurotic, her sister as troublemaking, the grandmother as doting and the grandfather as suffering from high blood pressure. Except for a reference to high blood pressure we find nothing in the record to support such a finding. Plaintiff was ill during her second pregnancy but that does not establish any permanent neurosis. Plaintiff's sister testified as to defendant's advances to her but that does not by itself make her a troublemaker. To what extent plaintiff's mother may be a "doting grandmother" does not appear but we are not disposed to frown on admirable qualities common to grandmothers.

When this case was tried the child, Allen, was less than four years old. He is now about 4½. At his age he needs care, attention, security and stability, in addition to love and affection.

There is nothing before us to indicate how his basic needs will be met if custody is awarded to defendant. Defendant is regularly employed and apparently lives alone. In addition to his work his recreation habits are not domestic in nature or compatible to the care of a small child.

The evidence shows that plaintiff has been a good mother. She is living with her parents who have moved to a larger house

to provide room. She is able and anxious to care for her son.

The trial court found that the custody of Allen "be and the same is hereby awarded to defendant subject to reasonable rights of visitation in plaintiff to be determined at the sole discretion of defendant excepting that such visitation shall be not less than two days in each calendar month."

With this provision in the decree we cannot agree. It is without support in the record.

I. In child custody cases the first and governing consideration of the court must be the best interest of the child. This is so well established as to need no citation of authority. See rule 344(f) (15), Rules of Civil Procedure. Custody is neither a prize nor a punishment to be awarded as such. Blundi v. Blundi, 243 Iowa 1219, 1225, 55 N.W.2d 239.

The trial court recognized the governing principle but from the record before us we reach a different conclusion from its application.

We have said repeatedly that a mother is ordinarily best fitted to care for a child during tender years. Willey v. Willey, 253 Iowa 1294, 1301, 115 N.W.2d 833; Blundi v. Blundi, supra, loc. cit. 1230, and Stillmunkes v. Stillmunkes, 245 Iowa 1082, 1086, 65 N.W.2d 366.

In the case at bar there is no showing that the mother is unfit or unable physically or mentally to care for the child. It is clear that for the best interest of the child custody should be awarded to his mother, plaintiff herein, with the father, defendant herein, having reasonable visitation rights.

II. The trial court awarded the parties' residence to defendant. The only financial provision for plaintiff was alimony of $40 per month for a period of 30 months. Costs, including attorney fees for plaintiff's attorney, were taxed to defendant.

This case is triable de novo here and in view of our conclusion as to child custody we must review the problem of child support and alimony.

The trial court found that the equity in the house was about $2700. Defendant testified that the monthly payments thereon were $77.80. He also testified that he borrowed money from his father to make the down payment. It would be diffi-

cult for plaintiff to maintain the house and preserve the equity therein. The award of the house to defendant is approved.

Defendant earns $7200 per year. He testified that his semi-monthly pay check is about $260. That would be about $520 take-home pay per month.

■ ■ Plaintiff's living expenses, living with her parents, should be less than defendant's. To the extent possible her needs should be reconciled with defendant's ability to pay. Plaintiff should have property settlement in the sum of $2250 plus $50 per month child support.

III. That part of the trial court's decree granting a divorce to plaintiff and awarding the house of the parties to defendant is affirmed. The remainder of the decree is reversed and modified as follows:

1. Custody of the minor child Allen Richard Schildgen is awarded to plaintiff Barbara L. Schildgen with reasonable visitation rights to defendant of not less than three days in each calendar month. Defendant shall have the right to take Allen to defendant's home for such visits. As the child will soon be of school age these visitation rights should be on weekends or during vacation periods. If the parties cannot agree as to when visitation rights may be exercised or for how long the trial court shall specify details.

2. Child support payments of $50 per month payable on the first of each month shall be made by defendant to plaintiff as long as Allen lives with and is supported by plaintiff but not beyond his 18th birthday.

3. Property settlement in the sum of $2250 payable in installments of $75 per month on the first day of each month for a period of 30 months shall be paid to plaintiff by defendant.

4. That part of the trial court's decree providing for payment of costs and attorney fees is affirmed.

5. Costs on appeal shall be taxed to defendant.

Affirmed in part, reversed in part and modified in part.

All JUSTICES concur except BECKER, J., who takes no part.