Albert Henry JONES, Appellant,

v.

Gladys Mae JONES, Appellee.

No. 53894.

Supreme Court of Iowa.

March 10, 1970.

Rehearing Denied May 4, 1970.

RAWLINGS, Justice.

Plaintiff-father seeks modification of original divorce decree provision by which child custody rights were granted defendant-mother. Trial court denied relief sought and plaintiff appeals. We reverse.

August 2, 1967, a divorce decree was entered pursuant to plaintiff's petition by reason of adultery on the part of defendant with one Gary Grundle. Custody of three children, two girls then nine and 15, and one boy 13, was awarded defendant.

By his modification petition plaintiff alleges that subsequent to entry of the original decree defendant, custodial mother, has conducted herself immorally in the children's presence; with court permission plaintiff-father has remarried, his present wife is able and will assist him in caring for the three children here involved; and they can well provide for them in a suitable home.

In substance the propositions relied on by plaintiff for reversal are that defendant's post-decree behavioral pattern constitutes an adequate change of circumstances; the children's interests will be best served if he is awarded custodial rights; and trial court erred in holding otherwise.

I. Our review is de novo. In considering credibility of witnesses we give weight to trial court's findings of fact, but are not bound by them. Rule 344(f) (7), Rules of Civil Procedure.

II. To the extent here relevant, Code section 598.14 provides, in substance, when a divorce is decreed the court may make such order as shall be right regarding the children, *and subsequent changes may be effected when circumstances render them expedient.*

The italicized portion of the foregoing has been construed by us to mean, a divorce decree may be modified with reference to child custody, only where the applicant proves by a preponderance of evidence,

Newport, Newport & Wine, by Thomas L. Wine, Davenport, for appellant.

Bob J. Slavens, Davenport, for appellee.

conditions have so changed that the child's welfare requires or at least makes a modification expedient. See rule 344(f) (15), R.C.P.; Norenberg v. Norenberg, Iowa, 168 N.W.2d 794, 796–797; Sandler v. Sandler, Iowa, 165 N.W.2d 799, 800–801; and Halstead v. Halstead, 259 Iowa 526, 531–534, 144 N.W.2d 861.

III. Also, if the person having lawful care of a child at the time a change is sought, has *properly* provided and supervised its social, moral and educational needs for a substantial period of time, and the child has become attached to its environment, a court is not justified in transferring custody to another except for the most cogent reasons. Halstead v. Halstead, supra, at 259 Iowa 531–532, 144 N.W.2d 861.

IV. It is further understood, custody of a child is not to be granted or withheld from either parent as reward or punishment. Wells v. Wells, Iowa, 168 N.W.2d 54, 60.

V. Additionally, though it be assumed the best interest of younger children is served by placing them in a mother's care, that is but an inference which yields to evidence tending to show otherwise. Forsyth v. Forsyth, Iowa, 172 N.W.2d 111, 114.

VI. It is also an almost universal rule that when a child is of sufficient age, intelligence, and discretion to exercise an enlightened judgment, his or her wishes, though not controlling, may be considered by the court, with other relevant factors, in determining child custody rights. See Halstead v. Halstead, supra, loc. cit., 259 Iowa 535, 144 N.W.2d 861, and Annos. 4 A.L.R.3d 1396.

VII. Finally, in the area of guiding principles, we have repeatedly held no court should separate brothers and sisters, one from the other, absent good and compelling cause. Wells v. Wells, supra, 168 N.W.2d 54, 60–61.

VIII. An examination of the record discloses much of the testimony presented was hearsay, most if not all of which was introduced, absent objection.

In that regard we have held, a material fact at issue may be established by hearsay evidence where admitted without objection. See Punelli v. Punelli, 260 Iowa 549, 555, 149 N.W.2d 784; Sallee v. Routson, 247 Iowa 1220, 1222–1223, 78 N.W.2d 516; In re Estate of Fagin, 246 Iowa 496, 500–502, 66 N.W.2d 920; and Annos. 79 A.L.R. 2d 890.

Resultantly any hearsay evidence disclosed by the record will be accorded such probative effect as is deemed proper.

IX. Brevity, coupled with deference to the minors involved, and defendant, dictates that so far as is possible a detailed recital of all evidence be avoided.

At the outset it is apparent the children were unaware of their mother's infidelity prior to granting of the divorce to plaintiff. This means her demeanor then was probably not of such nature as to have adversely touched them.

Conversely her post-decree conduct has been both indiscreet and obvious to the helplessly involved children.

We would have relatively little cause for concern had defendant's activities subsequent to the divorce been carried on secretively, because the children would not then ordinarily be affected. On the other hand, however, it is evident here in the home post-decree conduct with Gary Grundle, was indiscreet and open.

Briefly stated, the record discloses Grundle, though in the military service, was a *constant* visitor in defendant's home whenever on leave.

The daughter Sara, then 15, testified she had repeatedly seen her mother in bed, under the covers, with Grundle. This girl also stated defendant's association with the "boyfriend" identified above, was a matter

of common knowledge, but her close friends "understood the situation". Sara also related, she experiences difficulty in communicating with defendant, preferring to discuss her problems with plaintiff.

Donna, nine years old at the time, told her father she had seen Grundle in bed with defendant. Most disturbing, however, is the incident related by this child to plaintiff about two months prior to the modification hearing. It is thus disclosed that once, when Donna was sleeping with her mother, Grundle came into the room, got in bed, and the child's graphic illustration of his ensuing actions leaves little if any doubt as to what then occurred. According to Donna, her mother finally got up and dressed. It is difficult to believe the foregoing, though hearsay, was a figment of this nine year old's imagination.

Equally unreasonable is any assumption the relationship between Grundle and defendant, in the latter's home after the divorce, was merely platonic when considered in light of their prior adulterous affair.

Neither can it be assumed defendant's post-divorce amorous conduct, as here disclosed, was within the knowledge or contemplation of trial court when the original decree was entered.

■ Confining ourselves to the record before us, and viewing it in the light of those governing principles set forth above, we now hold, the evidence taken as a whole, despite defendant's denials of impropriety in the presence of her children, reveals, (1) defendant has not properly provided for and supervised the social and moral needs of the children; (2) plaintiff established, by good and sufficient proof, there had been such a change in conditions and circumstances, subsequent to entry of the divorce decree, as to require it be modified in accord with his request; and (3) the children's welfare will be best served by placing them in plaintiff's custody, subject to defendant's right to have them see, visit and be with her, at reasonable times and places.

■ Although not essential to the foregoing conclusion, some added impetus is accorded it by the fact that the oldest girl, and boy, expressed an unqualified desire to live with their father. And we do not propose, under existing circumstances, that the three children be separated, one from another. Furthermore, no question is presented regarding suitability or adequacy of plaintiff's home.

■ X. Since the children's welfare and relative convenience of the parties hereto are unavoidably involved, trial court is probably in the best position to determine when, and the conditions under which the aforesaid visitations should be permitted. On remand trial court shall hear the parties and adjudicate this matter, provided, however, anything tantamount to a divided custody be avoided. See Wells v. Wells, supra, and McCrery v. McCrery, 258 Iowa 354, 358, 138 N.W.2d 876.

XI. This case is reversed and remanded with instructions that the decree heretofore entered by trial court on plaintiff's petition for modification be set aside, and for entry of a decree consistent with this opinion.

Costs on this appeal are taxed to plaintiff.

Reversed and remanded with instructions.

All Justices concur except UHLENHOPP, J., who takes no part.