**Sandra OLSON, Appellant,**

**v.**

**Leroy OLSON, Appellee.**

**No. 54096.**

Supreme Court of Iowa.

Oct. 13, 1970.

Mack, Mack & Hansen, Storm Lake, for appellant.

Thomas L. McCullough, Sac City, for appellee.

RAWLINGS, Justice.

Plaintiff wife filed action for divorce under The Code 1966, Chapter 598, claiming cruel and inhuman treatment. Defendant husband cross-petitioned for the same relief on like grounds, later alleging adultery. Finding cruelty on the part of plaintiff, trial court granted decree and custody of two children to defendant, with a lump sum alimony award to plaintiff. Both parties appeal. We affirm on both appeals.

Relevant facts involved will be later considered as they relate to the ultimate issues to be resolved.

Propositions advanced by plaintiff in support of a reversal are, trial court erred in (1) granting a decree of divorce to defendant on the basis of plaintiff's cruel and inhuman treatment; (2) denying plaintiff such relief; and (3) awarding child custody to defendant.

Defendant here asserts, trial court erred in granting plaintiff a $5000 alimony judgment.

I. Our review is de novo. We give weight to trial court's findings but are not bound by them. Iowa R.Civ.P. 334, 344(f) (7); Utter v. Utter, 261 Iowa 683, 686, 155 N.W.2d 419.

II. Both plaintiff and defendant candidly concede having remarried, not each other, subsequent to entry of trial court's decree and pending this appeal.

In Utter v. Utter, supra at 685, 155 N.W.2d at 421, this court held, in effect, where defendant paid and plaintiff voluntarily accepted the lump sum allowed as alimony, plaintiff could not question that award on appeal.

To like effect is this statement in 2 Nelson, Divorce and Annulment, section 20.11

(2d Ed.): "Where a party remarries after a divorce decree, he has accepted the benefits of the decree by his remarriage, and cannot question the validity of the provisions of the decree granting a divorce. Remarriage constitutes an acquiescence in the judgment appealed from and defeats the right to appeal from the provision of the decree granting a divorce * * *."

Accordingly, it is to us evident and we now hold, by her remarriage to someone other than defendant subsequent to entry of trial court's decree and pending appeal, plaintiff waived any right to challenge validity of the decree granting a divorce to defendant. See State, City of Dubuque v. McCloskey, 166 N.W.2d 923, 926–927 (Iowa); 4 C.J.S. Appeal & Error §§ 211–216; 4 Am.Jur.2d, Appeal and Error, section 259; Annot., 13 A.L.R.3d 1364.

But as stated in 27A C.J.S. Divorce, § 188(b) at 786: "* * * where there are different portions of a judgment or decree, and the portions are severable, a party who voluntarily accepts the fruits of one portion does not necessarily estop himself to attack another severable portion of the judgment or decree."

Resultantly plaintiff is not deprived of the right to pursue her appeal and secure our consideration of the asserted child custody question. Neither is defendant precluded from a review of the alimony award. These point up the only propositions to be resolved. In considering them we shall allude only to such of the factual situation as is essential, out of deference to plaintiff and the children.

III. Turning now to the remaining issue on plaintiff's appeal, Iowa R.Civ. P., 344(f) (15), provides: "In child custody cases the first and governing consideration of the courts must be the best interest of the child." *Accord*, Lamar v. Zimmerman, 169 N.W.2d 819, 821 (Iowa); Halstead v. Halstead, 259 Iowa 526, 531–534, 144 N.W.2d 861.

This court also stated in Jones v. Jones, 175 N.W.2d 389, 391 (Iowa): "It is * * * understood, custody of a child is not to be granted or withheld from either parent as reward or punishment. (Authority cited).

"Additionally, though it be assumed the best interest of younger children is served by placing them in a mother's care, that is but an inference which yields to evidence tending to show otherwise. (Authority cited)."

And in Utter v. Utter, 261 Iowa 683, 687–688, 155 N.W.2d 419, 422, we said: "In all cases motherhood is a factor to be given weight in deciding questions of child custody and not every act of indiscretion or immorality should deprive a mother of the custody of her children because we recognize that a parent who has been guilty of some indiscretion or even immorality may reform and be capable of making a proper home for children. However, moral transgressions of the mother must be considered together with other relevant factors including the habits and propensities of the parties *desiring custody of children* in determining what is best for the child. (Authorities cited)." *Accord*, Lovett v. Lovett, 164 N.W.2d 793, 802–803 (Iowa).

The record before us discloses, with sufficient cogency, that during her marriage to defendant husband this plaintiff wife's association with at least two other men was, to say the least, indiscreet.

Furthermore, plaintiff testified on direct examination the little girl, an epileptic, had then been with the father about three months, was happy there, and it would be in the child's best interests to remain with defendant.

Under these circumstances we find no choice but to hold trial court correctly granted custody of the daughter Diane to defendant.

IV. Plaintiff's pre-divorce conduct would probably also dictate custodial rights with regard to the son Brad be granted the father. But a determination of that matter need not rest on the foregoing alone.

In Jones v. Jones, 175 N.W.2d 389, 391 (Iowa), this court declared: "* * * we have repeatedly held no court should separate brothers and sisters, one from the other, absent good and compelling cause. (Authority cited)."

We find no persuasive reason to disagree with trial court's disposition of the custody question as to both children.

At this point the children's best interests also dictate that counsel for plaintiff and defendant call to the attention of their respective clients the admonitions voiced in Huffman v. Huffman, 176 N.W.2d 859, 862–863 (Iowa); Wells v. Wells, 168 N. W.2d 54, 60 (Iowa); see 2 Nelson, Divorce and Annulment, section 15.14 (2d Ed.).

■ V. As aforesaid defendant asserts, on cross-appeal, plaintiff is not entitled to a $5000 permanent alimony award.

In support of this position, however, defendant merely argues he has insufficient funds with which to pay the amount so allowed, and plaintiff has received a division of personalty owned by the parties.

That hardly qualifies as an argument on the issue urged.

Neither is there reference to any relevant pages and lines in the record.

Additionally, defendant fails to cite any supportive authority.

The proposition is therefore deemed waived. See Iowa R.Civ.P. 344(a) (4); Farm Service Company of Emmetsburg v. Askeland, 169 N.W.2d 559, 560 (Iowa); State v. Fiedler, 260 Iowa 1198, 1201–1202, 152 N.W.2d 236.

Costs on this appeal are taxed one-half to each party.

Affirmed on both appeals.

All Justices concur.