Janice **LAMANSKY**, Appellee,

v.

Ross **LAMANSKY**, Appellant.

No. 55491.

Supreme Court of Iowa.

May 23, 1973.

Leff, Leff & Leff, Iowa City, for appellant.

M. D. Allison, Rockford, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

The parties to this appeal were divorced on September 21, 1967. The decree provided that plaintiff should have custody of two minor children, LaRee and Aaron, with appropriate provisions for support payments to be made by defendant and with visitation rights reserved to him, all based upon a stipulation between the parties which was adopted and approved by the trial court as part of the decree.

Later, trouble arose concerning these matters and defendant filed an application, first, to reduce the support payments required of him and later by separate application to liberalize his visitation rights. Plaintiff then filed her application asking that rights of visitation be terminated. By agreement these applications were heard together. One of the children affected by

the decree, LaRee, died prior to the hearing, and the support and visitation provisions are now applicable only to Aaron. Defendant has appealed from the trial court's order modifying the decree.

Defendant raises four propositions in seeking appellate relief. They are (1) that the trial court improperly restricted his visitations with Aaron to Charles City, where his former wife resides; (2) that the circumstances as to time, length and frequency of visitation were improperly left to the agreement of the parties; (3) that a special welfare, education, and medical expense fund to which payments of $25.00 per month are required to be made by defendant was suspended only for a period of one year instead of permanently; and (4) that defendant is entitled to reimbursement for time lost from his employment while submitting to a psychiatric examination at plaintiff's request.

We affirm the trial court as to proposition (3) reverse as to proposition (4) modify its order as to propositions (1) and (2), and remand the case for further proceedings in accordance with this opinion.

Before discussing the merits of the various matters raised on this appeal, we repeat several well established rules which govern our consideration of the case. It is, of course, here de novo. We give weight to the findings of the trial court but are not bound by them. Rule 344(f)(7), Rules of Civil Procedure.

■ In matters involving child custody and support, the welfare of the child is the overriding consideration. Custody and visitation are not granted as a reward to one parent or a punishment of the other. Rule 344(f)(15), R.C.P.; Miller v. Miller, 202 N.W.2d 105, 113 (Iowa 1972); Wells v. Wells, 168 N.W.2d 54, 60 (Iowa 1969). Visitation rights should not be taken from a parent except for cogent reasons affecting the welfare of the child. Spotts v. Spotts, 197 N.W.2d 370, 372 (Iowa 1972); Smith v. Smith, 258 Iowa 1315, 1321, 142

N.W.2d 421, 424 (1966); Willey v. Willey, 253 Iowa 1294, 1302, 115 N.W.2d 833, 838 (1962).

■ I. We consider first the defendant's complaint because payments of $25.00 per month to a special fund for Aaron's "welfare, education, and medical expenses" were suspended only for a period of one year rather than indefinitely. This provision appears in the stipulation previously referred to. The special fund payment is in addition to support of $75.00 per month for which the stipulation also provides. The trial court allowed defendant a year's respite from this obligation because of his illness and resulting loss of income. However, there appears no reason why defendant should be permanently (or, as he puts it, indefinitely) relieved of this duty.

Without extended discussion, we approve this part of the order. We have examined the record and find no reason to disapprove the result reached by the trial court.

■ II. One other minor matter should be disposed of before we reach the real issue of this appeal. Plaintiff agreed to reimburse defendant for wages lost during the time he submitted to a psychiatric examination at her request. The trial court found there was no showing as to the amount of wages lost. Apparently the trial court overlooked defendant's testimony he had lost a day's pay, and plaintiff concedes he is entitled to $32.00 as an offset against support money due her. We accordingly modify the trial court's order to provide that defendant be given credit for $32.00 against support payments now due.

III. There remains the vital issue of visitation. Although plaintiff had filed an application asking that all visitation rights be terminated, she conceded at the hearing defendant was entitled to see his son. The dispute centers around the time, length, and frequency of such rights as well as the place or places where they are to be exercised.

The original decree adopted the schedule the parties had agreed upon by stipulation. Later trouble developed, principally because defendant became involved in an unfortunate course of conduct for which he eventually sought psychiatric help, apparently with some success. According to the record (and by his own admission), defendant had engaged in various acts of exhibitionism. When this was brought to plaintiff's attention, she was reluctant to permit continued visitation rights. She imposed more and more restrictions on defendant's visits with Aaron, and sometimes refused to allow him to see the boy at all. This is what eventually brought them here.

Defendant wants the conditions of visitation delineated instead of having them dependent upon plaintiff's permission. One of his chief complaints is that he was refused the right to visit Aaron except in Charles City and was not allowed to have him overnight or for any extended period.

There was extensive testimony by the parties, members of their respective families, and psychiatrists. At the conclusion of the hearing, the trial court exhorted the parents to work out a satisfactory arrangement themselves. The order simply provided for visitation "at reasonable times" at Charles City. The very fact we have this appeal indicates the parties were either unable or unwilling to follow the trial court's sound advice. In fact it was obvious from the start this would be the case since plaintiff testified she could not work out reasonable visitation rights with defendant. She said:

"On the basis of my previous experience on visitation, I do not feel that I can work towards establishing reasonable times without having them specified. If he would just want to come up and spend the day with Aaron, fine; otherwise no. The Judge will have to order me. If the Judge does order me, I will abide by that order. If there was the term 'reasonable visitation rights', I feel that I couldn't be very reasonable right now."

Such an attitude, of course, clearly presaged failure of any attempt at agreement on this issue. We should perhaps mention here that defendant's "mental disorder," as his aberration was characterized by the psychiatrist, does not necessarily deprive him of visitation rights without a showing of potential harm to the child. Willey v. Willey, supra, 253 Iowa at 1300, 115 N.W.2d at 837; Andreesen v. Andreesen, 252 Iowa 1152, 1158, 110 N.W.2d 275, 278 (1961).

Under the circumstances now before us, we conclude the details of visitation should be spelled out—a result which both parties apparently want.

There is no hard and fast rule by which matters of visitation may be arbitrarily settled. Each case involves different parental personalities as well as the individual characteristics of the child. Obviously, the interplay of these factors is never the same, and precedent is of little value in determining what is right in a particular case. For that reason, this court has from time to time approved trial court action in entering a decree which has left the details of visitation to the discretion of the divorced parents. In Tschappat v. Kluver, 193 N. W.2d 79, 82 (Iowa 1971), we said,

"In view of the fact the parties hereto have manifested mature judgment with regard to visitation privileges we deem it unnecessary to now fix or prescribe same. Defendant is accorded the right to see, visit and communicate with Steven and Tracey Lynn, and to have them visit in his home, at such reasonable times as the parties hereto shall agree upon."

In other circumstances we have held the trial court should determine the rights of parties by definite order. Schildgen v. Schildgen, 260 Iowa 110, 114, 148 N.W.2d 629, 632 (1967); McCrery v. McCrery, 258 Iowa 354, 358, 138 N.W.2d 876, 878

(1965); Willey v. Willey, 253 Iowa 1294, 1302, 115 N.W.2d 833, 838 (1962); Andreesen v. Andreesen, 252 Iowa 1152, 1158, 110 N.W.2d 275, 278 (1961).

Since the "mature judgment" mentioned in Tschappat is notably lacking here, we find it imperative for the conditions to be fixed by court direction. Otherwise, what we said in Andreesen v. Andreesen, supra, 252 Iowa at 1158, 110 N.W.2d at 279, would seem to apply with equal force here:

"This much we know—if visitation rights are allowed plaintiff, the time, place and extent of the visits must be definitely fixed and the terms agreed upon or ordered by the court must be carefully observed. Otherwise the right of visitation will be a source of much controversy."

Our conclusion raises still another question, however. Should the order fixing visitation rights be made here or by remand to the trial court for appropriate proceedings?

We have accomplished the desired result by each method, but we refuse to make the necessary determination on the record presently before us, which is now more than two years old.

At the time of the modification hearing, Aaron was six years old; now he is eight. When dealing with a young child, two years may make dramatic changes in his home, social, and educational life. We have alluded several times in recent decisions to our dissatisfaction over deciding such matters "under circumstances which no longer exist and conditions which have long since changed." Miller v. Miller, 202 N.W.2d 105, 112 (Iowa 1972) and citations.

■ We have also acknowledged the principle that the trial court is in the best position to determine when, and the conditions under which, visitation should be permitted. Jones v. Jones, 175 N.W.2d 389, 392 (Iowa 1970); Wells v. Wells, 168 N.W.2d 54, 60 (1969). Furthermore, remand is unavoidable in the present case because we believe an additional hearing should be held in order that the important questions involved may be decided on circumstances existing now, not those of several years ago. We therefore remand the case for further hearing with the following directions: (1) the matter shall be heard forthwith and shall be given preference over other pending cases as far as assignment for hearing is concerned, and (2) the conditions and circumstances under which visitation shall be granted are to be specified by the court and not left to the agreement of the parties.

In the event an appeal should be taken by either party from the order of the trial court, such appeal shall be accelerated for disposition in this court. To this end, counsel for the party filing notice of appeal is ordered to advise the clerk of this court by mail forthwith that an appeal has been taken.

This matter is affirmed in part, modified and remanded for further proceedings in accordance herewith.

Affirmed in part; modified; and remanded for further proceedings.