In re the MARRIAGE OF Donna Jean DAVIS and Donald Wharton Davis,

Upon the Petition of Donna Jean Davis, Appellee,

And Concerning Donald Wharton Davis, Appellant.

No. 88–1815.

Court of Appeals of Iowa.

Aug. 23, 1989.

As Corrected Aug. 29, 1989.

J.C. Salvo and Richard C. Schenck of Salvo, Deren, Schenck & Lauterbach, P.C., Harlan, for appellant.

Jennifer J. Rose, Clarinda, for appellee.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

OXBERGER, Chief Judge.

Donald Wharton Davis (Donald) has appealed a dissolution decree claiming that the district court erred in determining alimony, child support, and the child's primary caretaker without trial or evidence directed to those issues. We affirm.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact-findings by the trial court but are not bound by them. Iowa R.App.P. 14(f)(7).

There are two main issues in this appeal: (1) Was Donald denied an opportunity to have his day in court? (2) Is there sufficient evidence in the record to permit this court to make a de novo judgment?

We shall first examine the record to determine if there is sufficient evidence for us to make a de novo judgment.

## I. Sufficiency of Evidence

Donna Jean Davis (Donna) testified that the statements in her petition were true. Those facts are: The parties have been married since July 22, 1979. They have one child, Donald Drew, born on April 15, 1980. Donna is the proper person to have permanent custody of Donald Drew.

Donna also testified that the proposal of a six month/six month custody split was the "only way I can get Don to go along with anything." "I preferred to have him the school year and nine months. And he is a teacher. Then he could have him the three months that he's off."

Additional evidence was presented by way of professional statements of Donna's counsel. She said:

[T]hey are both very concerned parents, good parents, and they both are concerned about being actively involved in their son's life.

... As Donna said, at one time we were looking at maybe her having the child during the school year which in all reality she's going to actively be involved even on her off six months because of her husband's schedule.

At the second hearing Donald's counsel stated that both parents were excellent parents. Donna's counsel said that both parties feel that the other party is a suitable and fit parent and appropriate parent. Donna testified she had a full-time bookkeeper position and Donald testified he taught junior high during the school year and drivers education in the summer.

Counsel surely was aware of the Supreme Court's position on divided custody. *See McCrery v. McCrery,* 258 Iowa 354, 358, 138 N.W.2d 876, 878 (1965); *Huston v. Huston,* 255 Iowa 543, 553, 122 N.W.2d 892, 898 (1963); *Mason v. Zolnosky,* 251

Iowa 983, 988, 103 N.W.2d 752, 755 (1960); *York v. York,* 246 Iowa 132, 138–39, 67 N.W.2d 28, 32 (1954); *Stillmunkes v. Stillmunkes,* 245 Iowa 1082, 1088, 65 N.W.2d 366, 370 (1954); *Maron v. Maron,* 238 Iowa 587, 590, 28 N.W.2d 17, 19 (1947); *Bennett v. Bennett,* 200 Iowa 415, 418, 203 N.W. 26, 27 (1925).

In 1979 the supreme court repeated its long-standing opposition to divided physical care in *In re Marriage of Burham,* 283 N.W.2d 269, 272 (Iowa 1979). In *In re Marriage of Bolin,* 336 N.W.2d 441 (Iowa 1983), the court defined the differences in the terms custody and care. "Custody" refers to legal relationships and responsibilities and "care" refers to the child's physical presence in a parent's home. *Bolin,* 336 N.W.2d at 446.

The *Bolin* court explained that "joint custody is not synonymous with what this court previously labeled 'divided custody.'" *Bolin,* 336 N.W.2d at 444. The court explained that since joint custody does not require that a child spend part of the time with one parent and part with the other, it was not the same as divided custody, as previously defined by the court. Furthermore, the court expressed its continued opposition to divided physical care.

■ Thus counsel should have been aware that the court could very likely reject the divided physical care provided in the stipulated decree. The court is not bound by the parties' stipulation and may disregard the stipulation entirely. *Brin v. Brin,* 240 Iowa 659, 37 N.W.2d 261, 264 (1949).

■ We find there is sufficient evidence to make our de novo decision and we find the trial court's decision rejecting divided physical care should be affirmed.

■ Donald also states the record is inadequate to determine alimony and child support payments. He states Donna's financial statement is inadmissible because it did not contain a proof of service. He did not raise the issue at trial and he can not raise it for the first time on appeal. *Picken v. Picken,* 248 Iowa 416, 422, 80 N.W.2d 740, 743 (1957). Furthermore, he testified that he worked full time as a junior high school teacher and taught drivers education in the summer. We hold this is sufficient evidence to justify the trial court's alimony and child support award and we affirm it.

## II. Day in Court

■ We now examine the issue whether Donald received his day in court. We will not dwell on his voluntary absence at the first hearing but focus our attention on the second hearing where it is evident from the start of the hearing the trial judge was opposed to the stipulation regarding divided care.

The trial court said toward the end of the second hearing: "Is there any record to be made by either party at this point or is the record pretty well made?" Donald's counsel asked to clarify the record regarding the child's age and then thanked the court in effect closing the record. We hold Donald had two opportunities to make his record. We affirm the trial court on all accounts.

Finally, Donna requests attorney fees of $838.40 on appeal. Attorney fees are not recoverable as a matter of right but rest within the discretion of the court and depend upon the financial needs of the requesting party and the other party's ability to pay. *See In re Marriage of Orgren,* 375 N.W.2d 710, 714 (Iowa App.1985). Donna's request for attorney fees is justified. We order Donald to pay $500 of Donna's attorney fees on appeal. Costs of appeal shall be divided equally between the parties.

AFFIRMED.