**IN THE COURT OF APPEALS OF IOWA**

No. 15-0907
Filed June 15, 2016

**IN RE THE MARRIAGE OF LORI ANN REINKING
AND JEFFREY BERNARD REINKING**

**Upon the Petition of
LORI ANN REINKING,
n/k/a LORI ANN THRONDSON,**
        Petitioner-Appellant,

**And Concerning
JEFFREY BERNARD REINKING,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Howard County, John J. Bauercamper, Judge.


        A former spouse appeals from the district court's modification of the physical care provision of the parties' dissolution decree. **AFFIRMED.**


        Erik W. Fern of Putnam Law Office, Decorah, for appellant.

        Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, New Hampton, for appellee.


        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Lori Throndson, formerly Lori Reinking, appeals from the modification of the child custody provisions of the decree dissolving her marriage to Jeffrey Reinking. The parties' son, J.R., had been placed in Lori's physical care by the terms of the 2011 dissolution decree, which we affirmed on appeal. *See In re Marriage of Reinking*, No. 11-1585, 2012 WL 3026412, at *2 (Iowa Ct. App. July 25, 2012). Jeffrey sought a modification of the physical care provision, and on May 7, 2015, the district court determined the parties' fifteen-year-old son had a "strong preference" to live with his father and a modification would "promote the best interest of the child." Upon our de novo review, *see* Iowa R. App. P. 6.907, we affirm the modification of physical care.

Our supreme court has recently summarized the scope of our review and principles related to our decision,

> "Petitions to modify the physical care provisions of a divorce decree lie in equity." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). Thus, we review the district court's decision de novo. *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). Though we make our own findings of fact, we give weight to the district court's findings. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) ("We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us.").

*In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). When seeking to modify the physical care provisions of a dissolution decree, a party "must prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered" and "must also prove a superior ability to minister to the needs of the children." *Id.* "[O]nce custody of a child has been

fixed, 'it should be disturbed only for the most cogent reasons.'" *Id.* (citations omitted).

Here, Jeffrey's modification action is primarily based upon the parties' son's personal preference and testimony. Jeffrey testified J.R. has expressed an interest in agricultural business and wants to move back to the farm. Jeffrey also testified his son "wants to be confirmed in the Lutheran church," and "wants to be in FFA and 4-H and raise his cows and chickens," which he can only do if he resides with Jeffrey in the country. Jeffrey believes he can offer better guidance than Lori in these areas of interest for J.R.

J.R. saw a clinical psychologist several times and over the course of several months before the modification proceeding was filed. That counselor testified J.R. is of above average intelligence, level headed, and thoughtful. He was mature and emotionally healthy. He did not like being put in the position he was in and did not want to hurt his mother's feelings, but he had a consistent desire to live with his father. The counselor determined J.R.'s desire had not been influenced by Jeffrey.

J.R. also testified in chambers, outside the presence of either party. The court found him to be "a mature, well-adjusted teenager who has expressed a genuine and legitimate preference for a change in placement." During his testimony, J.R. stated he wanted to be a farmer or a mechanical engineer so his father's house in the country would be a better environment to learn the necessary skills. He recognized it was more convenient for his participation in school sports to be in town with his mother, but he felt cramped and wanted to be in the country. He stated he argued a lot with his mom but not with his dad. He

had no concerns about changing schools since he had been in the school district where his dad lives before his mom moved away. In addition, he wanted to live with his father so that he could attend and be confirmed in the Lutheran church.

Upon our review of the record, we agree with the district court's decision to modify the physical care to place J.R. with Jeffrey. While the district did not use the precise term "superior ability," it did make a finding that a change in placement would promote the best interests of J.R. The court took into consideration the clinical psychologist's recommendation, which included the opinion J.R. was more closely bonded with his father, and his preference to live with him was well thought out over the course of several months. J.R. is of sufficient age and maturity for the court to consider his preference. *See* Iowa Code § 598.41(3)(f) (2013). While a child's preference is given less weight in a modification action, there is no indication in this case that J.R.'s preference was rooted in an improper consideration. He saw life at his father's rural home to be of a greater advantage to his vocational aspirations, his religious preferences, and his desire to avoid further conflict with his mother. The district court "evaluated the evidence and the credibility of the witnesses" before determining Jeffrey had carried his burden of proof. On our de novo review, we agree with the district court Jeffrey established both a substantial change in circumstances and a superior ability to minister to the needs of J.R. *See Harris*, 877 N.W.2d at 440.

Lori also requests an award of trial and appellate attorney fees. The district court ordered each party to pay their own attorney fees. We find no abuse of discretion in the district court's decision. *See In re Marriage of Sullins,*

715 N.W2d 242, 255 (Iowa 2006).  In addition, after considering the appropriate factors, we decline to award Lori appellate attorney fees.  *See id.*

Costs on appeal are assessed to Lori.

**AFFIRMED.**

Danilson, C.J., dissents; and Potterfield, J., concurs.

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. Modification of physical care cases involving teenagers are difficult decisions unless it is clear the child is attempting to change parental residences for a less disciplined environment. At first blush, I too believed the district court should be affirmed.

Our supreme court has recently addressed the applicable principles to apply to a child's preference in modification actions in stating,

> The court considers a child's wishes on this question, taking into account the child's age and maturity. Iowa Code § 598.41(3)(f) (2013); *see* [*In re Marriage of*] *Hansen*, 733 N.W.2d [683,] 696 [(2007)] (stating although section 598.41(3) does not expressly apply to physical care decisions, the factors in the statute are relevant considerations); *see also Jones v. Jones*, 175 N.W.2d 389, 391 (Iowa 1970) ("[W]hen a child is of sufficient age, intelligence, and discretion to exercise an enlightened judgment, his or her wishes, though not controlling, may be considered by the court, with other relevant factors, in determining child custody rights.").

*In re Marriage of Hoffman*, 867 N.W.2d 26, 35 (Iowa 2015).

In *Hoffman*, the evidence included a strong preference by the parties' daughter of approximately fifteen years of age to reside with her father so she was not required to move to a new school district with her mother who had physical care. *Id.* The court stated, "Although the teenage daughter's preference is significant in our view, it is entitled to less weight in this modification action than it would be given when allocating physical care in an original custody proceeding." *Id.*; *see also In re Marriage of Zabecki*, 389 N.W.2d 396, 399–400 (Iowa 1986); *Smith v. Smith*, 133 N.W.2d 677, 681 (Iowa 1965). The principle that a child's testimony is given less weight in a modification action first appears in our caselaw in *Smith*, 133 N.W.2d at 681. Although the principle has been

recited over and over again, no analysis or explanation for reaching this conclusion was addressed in *Smith*, nor I am able to find any case that provides a rationale for the principle. I can only surmise it relates to the principle that once custody is fixed it should be changed "only for the most cogent reasons." *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

Clearly, *Hoffman* provides that we may consider the child's age, maturity, and intelligence in determining what weight to give to a child's preference. 867 N.W.2d at 35. We have also suggested other factors may be considered such as educational level, the strength of the preference, the reason for the preference, the advisability of recognizing the child's wishes, and a recognition that we have limited knowledge of what may have influenced the child's preference. *See In re Marriage of Ellerbroek*, 377 N.W.2d 257, 258–60 (Iowa Ct. App. 1985).

Our facts reflect that in 2011, the decretal court concluded Jeffrey was the more permissive, "fun" parent—which has obvious allure to a teen. However, I concede the record made in this proceeding does not suggest this circumstance is the child's motivating factor. Moreover, there appears to simply be a difference in discipline approaches between the parents, rather than one parent being more permissive than the other. The child is not a troublesome child at home or at school.

I also acknowledge the child expresses mature and intelligent reasons for his preference—to regularly attend his father's church, and his love for the outdoors and livestock at his father's residence. He also believes the experience of working and living on an acreage may benefit him in his future plans in both

college and life. He also expresses a dislike for the arguments he encounters with his mother.

Although the child's explanation seems reasonable and reflective of maturity, the facts in this action are not as convincing as the facts in *Hoffman* where our supreme court determined there was no substantial change in circumstances. As long as our supreme court remains committed to the principle that a child's testimony is given less weight in a modification action, I cannot join the majority.

Jeffrey must also establish his ability to provide superior care. The district court in this modification action did not find—and the record does not establish—that Jeffrey has the ability to provide superior care and there exists a substantial change of circumstances not in the contemplation of the decretal court—without proof of both, the court improperly modified the decree. I would reverse.