# IN THE COURT OF APPEALS OF IOWA

No. 18-1926
Filed May 1, 2019

**TYLER ANDREW SWIFT,**
    Plaintiff-Appellee,

**vs.**

**KABRA GRABILL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde, Judge.

The appellant appeals from the child visitation provisions of her decree with the appellee. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Ellen R. Ramsey-Kacena, Cedar Rapids, for appellee.

Considered by Doyle, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Kabra Grabill appeals from the child visitation provisions of her decree with Tyler Swift. She asserts the district court should have granted her additional visitation with their child, K.S. We find the district court should not have granted Swift discretion to decide visitation with Grabill. Therefore, we reverse that part of the order and remand for entry of an order for definite visitation with Grabill.

K.S. was born in 2012. The parties have never married. On July 28, 2017, Swift filed his petition to establish paternity, care, and support for K.S. On March 23, 2018, the Iowa Department of Human Services removed K.S. and two half-siblings from Grabill's care after police found drug paraphernalia in her home. K.S. was later adjudicated a child in need of assistance (CINA). Meanwhile, the district court found Grabill in default regarding Swift's petition after she failed to appear multiple times. On September 19, the court held a hearing on the default, in which both parties appeared. At this time, Grabill was allowed one two-hour supervised visit with K.S. each week for the CINA proceeding. On October 8, the court issued the decree, which granted joint legal custody; placed physical care of K.S. with Swift; ordered visitation with Grabill at Swift's sole discretion upon dismissal of the CINA proceeding, with Grabill having at least two twenty-minute phone calls with K.S. each week; and established child support and other matters. Grabill now appeals the visitation provisions.

We review child visitation orders de novo. *Callender v. Skiles*, 623 N.W.2d 852, 854 (Iowa 2001); Iowa R. App. P. 6.907. "We need only give weight to the trial court's factual findings, but are not bound by them." *Callender*, 623 N.W.2d

at 854; Iowa R. App. P. 6.904(3)(g). Our primary concern is the best interests of the child. *Callender*, 623 N.W.2d at 855; Iowa R. App. P. 6.904(3)(o).

As an initial matter, Swift asserts Grabill failed to preserve error on her argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). He argues that, although she briefly testified, the hearing was on her default and she never argued for visitation before the district court. Given our de novo standard of review and because the district court squarely ruled on visitation, we will pass on the question of error preservation and address the merits of Grabill's arguments. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing error preservation and proceeding to the merits of the issue raised on appeal). Our decision to consider the merits also squares with *In re Marriage of Huston,* 263 N.W.2d 697, 700 (Iowa 1978), which held that a defaulting party to a dissolution proceeding may have appellate review. De novo review will generally be limited to "(1) scope of relief granted, and (2) equities of the decree as determined by an examination of the entire record made at trial." *Huston*, 263 N.W.2d at 700.

The district court ordered visitation with Grabill at Swift's sole discretion upon dismissal of the CINA proceeding. Our supreme court has long recognized courts

> should not make the right of visitation contingent upon an invitation from the party having the custody of the child, or require the consent of one parent for the other to visit the child, . . . thereby leaving the privilege of visitation entirely to the discretion of the party having the child in custody.

*Smith v. Smith*, 142 N.W.2d 421, 425 (Iowa 1966) (quotation omitted). More recently, this court said:

> It is well established that the district court is the only entity that can modify a custody or visitation order, subject to the review of the appellate courts. This obligation to modify a decree cannot be delegated to any person or entity because that person or entity has no jurisdiction to render such a decision. The legislature has granted to the court the responsibility to make an impartial and independent determination as to what is in the best interests of the child, and this decision cannot be controlled by the agreement or stipulation of the parties.

*In re Marriage of Stephens*, 810 N.W.2d 523, 530–31 (Iowa Ct. App. 2012) (citations omitted). Considering this precedent, we do not agree with delegating to Swift the sole discretion to decide visitation with Grabill. We reach this conclusion while acknowledging the scant record before the trial court, a circumstance to which Grabill contributed by her inadequate self-representation and failure to attend court, which resulted in her being adjudged in default. If her interests were our primary concern, we would be content to affirm the decree. However, the child's best interests intervene, and his interests will be served by continuing contact with his mother. *See Lamansky v. Lamansky,* 207 N.W.2d 768, 770 (Iowa 1973) ("Custody and visitation are not granted as a reward to one parent or a punishment of the other."); *see also* Iowa R. App. P. 6.904(3)(o) ("In child custody cases, the first and governing considering of the courts is the best interests of the child."); *In re Marriage of Muell,* 408 N.W.2d 774, 777 (Iowa Ct. App. 1987) (finding the mother "is more capable of providing the children a stable and suitable environment," but "the children's best interests require that they be afforded liberal visitation with their father")

We share the court's concern over Grabill's "use of illegal substances, criminal charges, and failure to meet her mental health needs."  However, the court cannot delegate to Swift the authority to decide whether and to what degree these issues affect her visitation with K.S.  Therefore, we reverse the court's order regarding visitation and remand for the district court to enter a definite order for visitation with Grabill, including assigning a visitation supervisor if appropriate.  We affirm the court's order in all other respects.

Swift requests appellate attorney fees.  Appellate attorney fees are within the discretion of the appellate court.  *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996); *see also* Iowa Code § 600B.26 (2018) ("In a proceeding to determine custody or visitation, . . . the court may award the prevailing party reasonable attorney fees.").  "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal."  *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997)).  Swift was not successful regarding visitation on appeal, and we decline to award appellate attorney fees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**